Herman S. GUMATAOTAO, Appellant,

v.

GOVERNMENT OF GUAM, Appellee.

No. 18448.

United States Court of Appeals
Ninth Circuit.

Sept. 16, 1963.

---

Turner, Barrett & Ferenz, Howard G. Trapp and Walter Ferenz, Agana, Guam, for appellant.

Harold W. Burnett, Atty. Gen., Richard D. Magee, Deputy Atty. Gen., and Fred E. Bordallo, Asst. Atty. Gen., Agana, Guam, for appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and TAYLOR, District Judge.

MERRILL, Circuit Judge.

Upon evidence that he had induced a boy of fifteen years to pass forged checks appellant was convicted of the crime of contributing to the delinquency of a minor in the Juvenile Court of Guam, jurisdiction over which is exercised by the Island Court of Guam. An appeal from judgment of conviction was taken to the District Court of Guam, Appellate Division. Judgment was there affirmed. Appeal to this court was then taken pursuant to 28 U.S.C. § 1294(4).

Appellant was convicted under § 273a of the Penal Code of Guam, which provides as follows:

"Contributing. Any person who commits any act or omits the performance of any duty, which act or omission causes a child to become in need of the care and protection of the Juvenile Court, shall be guilty of a misdemeanor, may be tried for such offense in the Juvenile Court, and upon conviction may be punished by a fine not exceeding $500, or by imprisonment not exceeding one year, or by both such fine and imprisonment."

Two errors are assigned, both of which were reviewed and rejected by the District Court of Guam.

First appellant asserts that childhood, one of the elements of the crime alleged, was not proved beyond a reasonable doubt. The information under which appellant was charged described the boy as of fifteen years of age. The Guam Code of Civil Procedure, § 251(c), describes a child as a person under eighteen years of age. In rejecting this assignment of error, the District Court of Guam stated:

"The prosecution failed to make inquiry as to the age of the minor, but an order of the Juvenile Court was produced showing that the minor had been born September 20, 1945."

Appellant here contends that since the order to which the district court referred was not required to be based upon proof beyond a reasonable doubt, the order it-

self cannot constitute proof of that character. We disagree. There was no showing in this case as to the nature of the proof upon which the earlier order rested. Appellant in this case has not attempted to cast any doubt upon the showing made by the order. Moreover, the boy was before the court and from its observation of his appearance and manner of testifying a supporting inference of childhood was available to the court.

Appellant next contends that since, as the evidence showed, the boy had on previous occasions been before the juvenile court and was a ward of the court at the time the offense took place, it cannot be said that appellant's acts had caused the child "to become in need of the care and protection of the Juvenile Court" under § 273a of the Guam Penal Code.

The juvenile court disposed of this contention in the following manner:

"We must realize and appreciate that the object and main purpose of this law was not so much punitive as it was preventive; we must likewise realize and appreciate that the intention of the law was to protect minors from becoming preys to designing adults. Besides it is apparent from the record that the juvenile concerned was released for the purpose of rehabilitation and certainly must not be placed at the mercy of designing adults."

The district court, in affirming this ruling, stated:

"It would be absurd to hold that an adult cannot contribute to the delinquency of a minor who is in the process of being reformed after having been declared a juvenile delinquent. We do not care to indulge in any such absurdity."

■■ It is well settled that, in recognition of the fact that local needs, customs and legal systems may differ from those with which we are more familiar, decisions of local courts of United States territories on matters of purely local law will not be reversed unless clear and manifest error is shown. DeCastro v. Board of Com'rs of San Juan, 322 U.S. 451, 64 S.Ct. 1121, 88 L.Ed. 1384 (1944); Bonet v. Texas Co. (P.R.), Inc., 308 U.S. 463, 60 S.Ct. 349, 84 L.Ed. 401 (1940); Advertiser Publishing Company v. Fase, 279 F.2d 636 (9 Cir., 1960); Lord v. Territory of Hawaii, 79 F.2d 761 (9 Cir., 1935). In the Bonet case the Supreme Court at page 471 of 308 U.S., at page 353 of 60 S.Ct., 84 L.Ed. 401 states, "[T]o justify reversal in such cases, the error must be clear or manifest; the interpretation must be inescapably wrong; the decision must be patently erroneous."

We find no such error in the construction of this statute by the courts of Guam. The fact that the boy was already a ward of the juvenile court does not exclude the possibility that an adult might cause him to become in need of further court action for his care and protection.

Affirmed.