Helen Herrero PEREZ, Appellant,

v.

The ESTATE of Vincente Pangelinan
HERRERO, etc., Appellees.

No. 18562.

United States Court of Appeals
Ninth Circuit.

June 2, 1964.

As Amended on Denial of Rehearing
Aug. 6, 1964.

Finton J. Phelan, Jr., Agana, Guam,
Roy C. Hall, Alvin G. Buchignani and
Milton Dalo, San Francisco, Cal., for appellant.

Bohn & Williams, Arriola, Bohn &
Gayle, Gerald F. Ellersdorfer, Benicia,
Cal., for appellee.

Before ORR, MERRILL and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge.

This is an appeal from a decision of the Appellate Division of the District Court of Guam. It is one to which the rule that on matters of purely local law the courts of Guam will not be reversed unless a clear and manifest error is shown, is peculiarly applicable. (Gumataotao v. Government of Guam, 9 Cir., 1963, 322 F.2d 580, 582.

The appellants are the surviving children, and the children of a deceased child, of the first marriage of the decedent, to Alice Webb Herrero, who died in May of 1936. The decedent died in 1956, a resident of California. He left real property in Guam, and ancillary administration of his estate was had in Guam. In the Guam probate proceedings, the appellants asserted, as they do here, that they are "forced heirs" of the decedent, and that their rights in properties owned and acquired by him and Alice were vested at the time when the present Code of Guam was adopted in 1933. Consequently, they say, the provisions of that code governing wills, descent and distribution cannot be so applied as to divest them of their rights by reason of the provisions of amendment V to the Constitution of the United States and of title 48 U.S.C. § 1421b.

It will be noted that Alice died three years after the adoption of the Guam Code. The Appellate Division held that neither Alice nor her children or grandchildren, as "forced heirs," had any vested rights at the time the codes were adopted. It then applied the general rule that the right to leave property by will, as well as the rules of succession on intestacy, are within legislative control, and that changes therein which do not deprive persons of vested rights do not.

violate the constitutional and statutory provisions relied upon.

Both before the Appellate Division and in this court, the appellants assert that the law in effect in Guam until 1933 was the Spanish Code of the Peninsula and that, under that code, the appellants did have rights that were vested before the adoption of the Guam Code. While we agree with appellants that the courts of Guam must take judicial notice of the laws of Guam that were in effect before 1933, this does not assist the appellants in this court. They still have the obligation to show us, by appropriate citation, what those laws were. This they have utterly failed to do. Under these circumstances, we cannot say that clear and manifest error is shown.

Affirmed.