Rita D. TOWNSEND, a minor, by her father Willie Townsend, Jr., her natural guardian and next best friend, Appellant,

v.

June BENAVENTE, Commercial Insurance Co. of Newark, New Jersey, A. W. Baumgartner, OFM, Cap. D.D., Bishop of Guam, a corporation sole, Appellees.

No. 19229.

United States Court of Appeals Ninth Circuit.

Dec. 16, 1964.

Finton J. Phelan, Jr., Agana, Guam, Alfred C. Cavagnaro, San Francisco, Cal., for appellant.

E. R. Crain, Agana, Guam, for appellees.

Before JERTBERG, KOELSCH and DUNIWAY, Circuit Judges.

KOELSCH, Circuit Judge.

The 8th day of May, 1962, was marred by a tragic accident at Santa Barbara School on the Island of Guam. As the students were lining up for return to class, after the noon recess, thirteen year old Rita Townsend was struck in the eye by a betel nut[1] thrown by eighth-grader June Benavente. June had aimed the nut at Jimmie Blas, as retribution for teasing her, but it went wide of the mark and struck Rita as she came out the door. Complications arising from Rita's injury ultimately necessitated the removal of her eye. At the time of the incident, no adult was supervising the children in the immediate vicinity of the accident, although several adults were supervising other portions of the playground.

By her guardian ad litem, Rita brought an action against the Bishop of Guam as representative of the school.[2] Joined

---

1. The nut is indigenous to Guam, freely available, and equivalent in size to a small plum.

2. The doctrine of charitable immunity was not raised in this case.

with him were the individual defendant June Benavente, and Commercial Insurance Company, insurer of the school.[3] Plaintiff alleged that the school had been negligent in failing to provide adequate supervision and discipline in the school yard, and that this omission was the proximate cause of her injury.

The case was tried to the district court, sitting without a jury. The court concluded that the individual defendant, June Benavente, had been negligent and entered judgment against her in the sum of $50,000. On the issue of the school's liability, the court ruled that the school had not been negligent and dismissed the action against both the school and its insurer. Plaintiff appeals.

Our reading of the trial court's findings of fact and conclusions of law leaves us in doubt as to the precise basis for decision; there is merely a general finding that the school was not negligent. That finding is equally susceptible of a conclusion that the court determined that no duty to supervise existed, or that the duty had been met in the circumstances disclosed. In view of the court's determination that there had been six to eight adults supervising the playground at the time of the incident (a finding not challenged here) and the inter-related factual question tendered on the issue of causal connection, the latter hypothesis is the more probable.

In either event, the judgment must be sustained. If the court concluded as a matter of law no duty of supervision was required under the facts at bar, we are unable to say its view of Guam law is in clear and manifest error. See Perez v. Herrero, 333 F.2d 1014 (9th Cir. 1964); Gumataotao v. Government of Guam, 322 F.2d 580, 582 (9th Cir. 1963). Likewise, viewed as a factual resolution, the result does not appear clearly erroneous. We hasten to append the caveat, however, that better practice decrees that cases tried to a judge should be resolved by findings that embrace the preliminary, as well as the ultimate, issues. Only in that manner can the appellate court untangle the web between fact and law resolutions which, in a jury case, may be extrapolated from the instructions.

The judgment is affirmed.

3. Derivative liability of an insurer may be established in the principal action under Guam's "direct action" statute. Section 43354 Government Code of Guam.