**GLOBE INDEMNITY COMPANY, a corporation, Appellant,**

v.

**CAPITAL INSURANCE & SURETY CO., Inc., a corporation, Appellee.**

**No. 19341.**

United States Court of Appeals
Ninth Circuit.

Oct. 26, 1965.

Wallace E. Sedgwick, Andrew J. Collins, Sedgwick, Detert, Moran & Arnold, San Francisco, Cal., for appellant.

Howard G. Trapp, Barrett, Ferenz & Trapp, Agana, Guam, for appellee.

Before MADDEN, Judge of the Court of Claims, HAMLEY and KOELSCH, Circuit Judges.

KOELSCH, Circuit Judge.

This was an action brought in the district court of Guam by Globe Indemnity Company against Capital Insurance & Surety Co., Inc., to recover judgment for money paid to settle claims of third persons. The appeal is by Globe from a judgment in its favor, but for considerably less than the sum sought. The district court had jurisdiction under 48 U.S. C.A. § 1424(a) and Sections 62 and 82 of the Code of Civil Procedure of Guam. This court's jurisdiction of the appeal rests upon 28 U.S.C.A. §§ 1291 and 1294 (1).

The case was submitted to the district court upon a statement of agreed facts.

Briefly, it appears that one Carolan negligently drove an automobile on the streets of Guam, severely injuring several persons and damaging their property. At the time, he was working for Philco Corporation and the automobile belonged to the Federal Automotive Services from whom it had been leased by his employer. Federal and Philco both had policies of liability insurance covering such accidents. The one policy, issued by Capital, provided insurance not only to Federal as the named insured but also, through an omnibus clause, to lessees and persons to whom the lessees entrusted the use of Federal's automobiles. Capital conceded that both Philco and Carolan were insured under this clause. The other policy, issued by Globe, insured Philco and persons within the policy definition of the term "insured." [1]

The injured persons and their representatives commenced suit for damages against Federal, Capital, Philco and Carolan.[2] A settlement was negotiated; but a dispute arose between Capital and Globe over their respective obligations, so Globe paid the full amount under an agreement with Capital and then brought this action to have the matter judicially determined.

Globe urged two grounds for recovery. First, Globe contended that, as between the two insurers, Capital's policy afforded primary insurance to the insured against liability for injuries inflicted upon third persons. Globe correctly pointed out that, although both policies contained "other insurance" clauses, the one appearing in the Capital policy was of the type known as a "prorata" clause and the one in the Globe

---

[1] In pertinent part paragraph III of the Globe policy reads:

"The unqualified word 'insured' includes the named insureds (i. e., Philco, its Domestic and Canadian subsidiaries and Philco Corp. S.A.-Switzerland) and also includes as additional insureds, the Executive Officers, Stockholders and Employees of the named insured while acting within the scope of their duties as such, provided that: (1) the policy does not cover any such employee, other than an Executive Officer, as an additional insured unless the named insured so directs the Company in writing upon a claim being made against such Employee."

[2] Capital's joinder as a defendant was permissible under the Guam "direct action statute," Section 43354, Government Code of Guam. It does not appear why Globe was not also made a party.

policy was an "excess" clause.[3] Globe argued that in this situation the "excess" clause operated to require the exhaustion of Capital's insurance before Globe's policy became effective.[4] There is much decisional authority to sustain this proposition. Indeed, the Sixth Circuit, in its opinion in Citizens Mutual Auto Ins. Co. v. Liberty Mutual Insurance Co., 273 F.2d 189 (6th Cir. 1959) lists an impressive number of cases, with the comment that they "represent the overwhelming majority view * * *"

However, as this quotation suggests, some jurisdictions, notably Oregon, hold that under these circumstances there is no priority of obligation as between insurers and that each must commonly share on an equitable basis the obligation that they severally assumed toward the insured.[5] Lamb-Weston v. Oregon Auto. Insurance Co., 219 Or. 110, 341 P.2d 110, 76 A.L.R.2d 485 (1959) (Rehearing den. 219 Or. 130, 346 P.2d 643, 76 A.L.R.2d 498).

The instant case was governed by the law of Guam. In the absence of statute or controlling precedent, the resident district judge adopted and applied the not untenable rule declared in Lamb-Weston. We defer to his judgment, for:

"[i]t is well settled that, in recognition of the fact that local needs, customs and legal systems may differ from those with which we are more familiar, decisions of local courts of United States territories on matters of purely local law will not be reversed unless clear and manifest error is shown."

Gumataotao v. Government of Guam, 322 F.2d 580, 582 (9th Cir. 1963).

■■ Globe's alternative ground for recovery rested upon the theory of indemnity. An employer who responds to third persons in damages for injuries resulting from the negligence of his employee, imputed to the employer under the doctrine of respondeat superior, is entitled to recoup his loss from such employee; in addition, an employer's insurer who pays the loss is subrogated to the employer's right against the employee and the latter's insurer. United Pacific Insurance Co. v. Ohio Casualty Co., 172 F.2d 836 (9th Cir. 1949).

Invoking these rules, Globe contended that Capital was the sole insurer of Carolan and hence was liable to Globe as

---

3. This "pro-rata" provision reads:
    "If the insured has other insurance against a loss covered by this policy (Capital) the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of a liability stated in the Declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; * * *" (Capital policy p. 4, cl. 13). The particular "excess" clause provides that "if any of the insureds hereunder has other valid and collectible insurance against a loss covered by this policy, the insurance afforded by this policy shall be excess insurance over such other insurance." (Globe policy p. 7, cl. 11).

4. The rationale often used to sustain such a conclusion was succinctly stated by this court in Traveler's Insurance Co. v. Peerless Insurance Co., 287 F.2d 742, 748 (9th Cir. 1960). "When one policy contains an adequate 'excess' insurance clause it cannot be considered to be other 'valid

and collectible insurance against such loss'. Hence there is nothing on which the pro-rata clause of the other policy may operate."

5. In Lamb-Weston the Oregon Supreme Court disputes the factual premise of those decisions which catalogue policies as primary or secondary insurance in order to fix the respective insurers' obligations; the court says that "the clear intent of each insurer in the policies is clearly expressed to cover the liability of the tort feasor * * * and to escape all or partial liability if there is other insurance applicable to the same occurrence." 341 P.2d at 115. On this latter interpretation, the Oregon court has concluded that, since the several policies reflect not agreements between the insurers, but rather agreements with the insured, that "other insurance" clauses in all outstanding policies should be disregarded as conflicting and the liability of the insured should be shared by the insurers on an equitable basis.

subrogee of Philco for the loss Philco had sustained because of Carolan's negligence. It was of course incumbent upon Globe to establish that Capital's policy alone covered Carolan, for if the Globe policy included Carolan as an insured, then Globe's payment was in settlement of Carolan's liability and clearly Philco sustained no loss and had no claim against Carolan to which Globe became subrogated.

The stipulation of facts filed with the district court incorporated by reference as an exhibit a copy of Globe's policy, but contained no direct statement or admission regarding the issue of whether or not Carolan was an insured within the policy definition.[6]

However, before the cause was submitted, Globe petitioned the court to modify the pre-trial order to permit augmentation of the record. Specifically, Globe proposed to add an instrument purporting to be a letter written by Philco and the answers to certain interrogatories which it would propound to Philco's vice-president. In an accompanying affidavit of merits, Globe asserted that this evidence not only bore on the issue but would directly establish Carolan's non-coverage under the Globe policy. Although Capital filed no written opposition, the court denied the motion.

█ In support of this ruling, Capital does not assert that the motion was untimely or that the proposed proof was simply cumulative, rather Capital argues that a foundation for the admission of the letter was neither laid nor waived and that, since Rule 33 limits interrogatories to parties to the proceeding [Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)], the district court could not have "lawfully" granted Globe's motion. We disagree. In passing, we note that Capital voiced no such objection to the reception of the letter and that Globe's inaccurate reference to the mode of securing the desired testimony by serving of "interrogatories" rather than "by deposition upon—written interrogatories—," which under Rule 26 may be used to secure the testimony "of any person including a party," could hardly be deemed fatal. However, we base our opinion upon a more fundamental ground. Pretrial orders can be and generally are valuable aids to a just determination of litigation. But occasionally strict adherence to them will produce an opposite result. (See Rule 16). Granted, a pre-trial order should not lightly be modified, nevertheless a court should be liberal in allowing amendments where no substantial injury will be done the opposing party, the failure to allow the amendment might result in a grave injustice to the moving party, and the inconvenience to the court is relatively slight.

█ Viewing the motion in this light, we are firmly convinced that the ruling of the district court unduly and unnecessarily circumscribed Globe in presenting its case and constituted an abuse of discretion, requiring the setting aside of the judgment.

We of course express no opinion regarding the admissibility of Globe's proposed evidence, nor do we mean to indicate the future course of the suit. All we are saying is that, Globe should have a reasonable opportunity to secure and offer the evidence specified in its motion.

---

**6.** The policy definition is set out in footnote 1, supra.

The parties' stipulation with reference to Capital was, "8. That said policy of defendant (Capital) extended to Lawrence L. Carolan and Philco Corporation, a corporation, as persons using the insured automobile with the permission of Federal Automotive Services, Guam Division, d/b/a Crown Motors, and that said policy of defendant also extended to Philco Corporation, a corporation, as an or-

ganization legally responsible for Lawrence L. Carolan's use of said automobile."

But regarding Globe and its policy, they simply stated, "9. That prior to 11 March 1962 (the date of the accident) plaintiff (Globe) issued its policy of liability insurance to Philco Corporation, a corporation, a true copy of which policy is attached to the complaint herein, as amended, as Exhibit 'C' and by reference incorporated herein."

**240**

The judgment is vacated and the matter is remanded to the district court with directions to take further proceeding consistent with this opinion.