**CAPITAL INSURANCE & SURETY CO., Inc., a corporation, Appellant,**

v.

**GLOBE INDEMNITY COMPANY, a corporation, Appellee.**

**No. 21000.**

United States Court of Appeals Ninth Circuit.

Sept. 18, 1967.

Walter Ferenz, Barrett, Ferenz & Trapp, Oakland, Cal., and Agana, Guam, for appellant.

Andrew Collins, Sedgwick, Detert, Moran & Arnold, San Francisco, Cal., David M. Shapiro, Agana, Guam, for appellee.

Before MADDEN, Judge of the United States Court of Claims, and HAMLEY and KOELSCH, Circuit Judges.

KOELSCH, Circuit Judge:

This case is here for the second time. All the relevant facts are set out in our first opinion, Globe Indemnity Co., v. Capital Insurance & Surety Co., 352 F.2d 236 (9th Cir. 1965). There we vacated a $9,045 judgment in favor of Globe and remanded the cause to the district court for the primary purpose of augmenting the record by adding evidence which Globe contended would establish Carolan's non-coverage under the Globe policy and thus require a larger judgment in its favor. After remand, this evidence was admitted by stipulation. The district court found that Carolan was indeed not covered by the Globe policy and therefore entered judgment for Globe for $89,500 upon the theory of equitable subrogation. See United Pacific Insurance Co. v. Ohio Casualty Insurance Co., 172 F.2d 836 (9th Cir. 1949).

Capital maintains that the district court erred in holding that Carolan was not covered by the Globe policy. Globe's policy provided coverage to Philco as a named insured and to certain Executive Officers of Philco as additional insureds. Other employees of Philco were not covered under the policy unless Philco directed Globe in writing to cover the employee against whom a claim had been made.[1]

After remand it was stipulated that Philco at no time directed Globe to represent Carolan and that Carolan was at no time an Executive Officer of Philco. Thus, under the express terms of the policy, Carolan was not covered.

Capital attacks this conclusion on the grounds that it is contrary to the public policy of Guam to permit a policy of insurance to contain a provision whereby after the occurrence of facts giving rise to a cause of action against an employee of the insured, the insured may unilaterally and at its complete discretion determine whether or not the policy should be extended to that employee. Cf. Davies v. Consolidated Underwriters, 199 La. 459, 6 So.2d 351, 357 (1942).

The Guam Direct Action Statute [GOVERNMENT CODE OF GUAM § 43354 (1960)] permits an injured person to sue an insurance carrier directly.[2] Its purpose is too protect the public at large by providing such injured parties with an opportunity for remuneration from financially responsible sources. In the case at bar the injured parties were amply protected whether or not the Globe policy extended to Carolan. Under the doctrine of respondeat superior Philco (admittedly a designated insured in the Globe policy) was vicariously liable for the negligence of Carolan. As a result the injured parties could have maintained a direct action against Globe even if Carolan was not included in the Globe policy. Furthermore, as Carolan was specifically covered by the Capital policy, they could also have maintained such a suit against Capital.

1. The relevant proviso reads as follows: "the policy does not cover any such Employee, other than an Executive Officer, as an additional insured unless the named insured so directs the Company in writing upon a claim being made against such Employee."

2. Section 43354 provides as follows: "On any policy of liability insurance the injured person or his heirs or representatives shall have a right of direct action against the insurer within the terms and limits of the policy, whether or not the policy of insurance sued upon was written or delivered in Guam, and whether or not such policy contains a provision forbidding such direct action, provided that the cause of action arose in Guam. Such action may be brought against the insurer alone, or against both the insured and insurer."

■ The district court was not faced with a situation in which the injured parties' only recourse against an insurance company was dependent upon the validity of Globe's "optional coverage" clause.[3] In the case at bar they could sue whether the clause was upheld or not. In these circumstances the district court held that the "optional coverage" clause did not violate the public policy of Guam. The decision of a territorial court on a matter of purely local public policy should be sustained unless there is no tenable theory on which the decision can be based. See Globe Indemnity Co. v. Capital Insurance & Surety Co., 352 F.2d 236, 237 (9th Cir. 1965); Gumataotao v. Government of Guam, 322 F.2d 580, 582 (9th Cir. 1963). Although we might not have reached the same conclusion, we cannot say that the theory of the district court is wholly untenable. Thus the district court did not err in finding that the Globe policy did not extend to Carolan. Accordingly, since Capital was the sole insurer of Carolan, Globe has established a basis for recovering from Capital on the theory of equitable subrogation. See United Pacific Insurance Co. v. Ohio Casualty Insurance Co., 172 F.2d 836 (9th Cir. 1949).

■ Capital next makes a complicated argument that its liability was limited to $10,000 by reason of an endorsement on the policy which excluded public or livery conveyance. Without going into the details, suffice to say that the contention is frivolous, since Capital knew full well that Federal intended to lease the cars and at any rate Capital is bound by the stipulation made in the district court that its policy extended to both Carolan and Philco.

■ Nor is Capital's liability limited to $10,000 by reason of a provision in the Federal-Philco lease agreement regarding insurance coverage of lessees. Under the terms of its policy with Federal, Capital provided bodily injury coverage to Federal, and to Philco and Carolan as Federal's permissive users, in the amount of $50,000 per person up to a total of $100,000 per accident. Had the lease been intended as a limitation or change of these original policy terms it would have been necessary, under an express condition of Capital's policy, for an authorized representative of Capital to sign an endorsement issued to form a part of the policy. No effort was made to change the policy limits in accordance with the policy condition.

■ Finally, Capital maintains that the district court erred in awarding Globe prejudgment interest on the $89,500 since that amount was unliquidated until final judgment was rendered on April 8, 1966. By way of answer, Globe points out that on or about February 20, 1963, it had paid out $99,500 in settlement of all claims made by the injured parties against Carolan and Philco; and that Capital, refusing to contribute to this settlement but recognizing that a dispute existed, on that date had entered into a written agreement with Globe to the effect that the respective obligations of the two insurance companies would be determined at some later date by appropriate legal action.[4]

Section 3287 of the Guam Civil Code provides:

"Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested

3. We note in passing that § 43354 permits a direct action only "within the terms and limits of the policy". GOVERNMENT CODE OF GUAM § 43354 (1960). One of the terms of the Globe policy required written notification to the insurer as a condition precedent to coverage of the employee. No such notification was sent. As a result, no matter what the policy of the statute might be, the above quoted statutory language might well have protected Globe from a direct action against it based upon its puported coverage of Carolan. See Capital Insurance & Surety Co. v. Kelly, 361 F.2d 567 (9 Cir., 1966), cert. denied, 385 U.S. 1025, 87 S.Ct. 742, 17 L. Ed.2d 673 (1967).

4. In any event Globe was liable for $10,-000 of this sum.

in him, upon a particular day, is entitled also to recover interest thereon from that day * * *."

Although the legal action contemplated in the February 20 agreement was not completed until judgment was rendered in the case at bar, the respective liabilities of the two parties was at all times "capable of being made certain by calculation" ; the dispute could have been resolved at any time merely by properly construing the language of the two policies.

We conclude that interest might properly have been allowed from February 20, 1963. The district court, however, awarded interest to Globe only from April 17, 1964, the date of its first judgment later vacated by this court in Globe Indemnity Co. v. Capital Insurance & Surety Co., 352 F.2d 236 (9th Cir. 1965). It is not clear why this date was chosen. Surely Capital cannot complain, and since Globe did not cross-appeal, the matter is not now in issue.

The judgment is affirmed.