**Clifton WIGGINS et al., Plaintiffs-Appellees Cross-Appellants,**

v.

**SPECTOR FREIGHT SYSTEM, INC., Defendant-Appellant Cross-Appellee,**

and

**Teamsters Local 667 et al., Defendants-Appellees.**

Nos. 77–1107, 77–1108.

United States Court of Appeals, Sixth Circuit.

Argued June 16, 1978.

Decided Sept. 6, 1978.

James W. Watson, Watson, Cox, Arnolt, May, Charlton & Leake, Memphis, Tenn., Harry A. Rissetto, Susan S. Sauntry, Washington, D. C., for Spector.

Ural B. Adams, Jr., Peete & Adams, Memphis, Tenn., Beverly F. Druitt, Memphis, Tenn., for plaintiffs-appellees cross-appellants.

G. William Baab, Mullinax, Wells, Mauzy & Baab, Inc., Dallas, Tex., for Southern Conf.

Howard R. Paul, Paul, Koelz & Wilson, Memphis, Tenn., for Local # 667.

Before ENGEL and KEITH, Circuit Judges, and NEESE, District Judge.*

PER CURIAM.

■ Cross-appeals are presented herein from the judgment of the District Court after a bench trial of a class action brought by black employees of a truck line, which was charged with racial discrimination in several particulars. Other than as to the three employees mentioned *infra,* the District Court denied the plaintiffs and the members of their class all relief. As to these other employees, the trial court determined that there had been no unlawful racial discrimination. This conclusion was based on findings of fact which are not clearly erroneous, and it does not appear that the District Court made an error of law in this regard.

■ To the extent that these plaintiffs and class members may have claimed that they were discriminated against on racial grounds prior to the effective date of the Civil Rights Act of 1964, Title VII, 42 U.S.C. §§ 2000e, *et seq.,* or that the otherwise bona fide seniority system of their employer perpetuated pre-Act discrimination, they were not entitled to any relief. *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977).[1] The District Court did not abuse its discretion in limiting the scope of the class involved. *See* Rule 23(d)(3), Fed.R.Civ.P. and *Cross v. National Trust Life Insurance Co.,* 553 F.2d 1026, 1029 (6th Cir. 1977).

■ The District Court withheld any relief for the original plaintiffs against any of the unions which were named as defendants. None of the plaintiffs had filed a charge of discriminatory employment practices against the defendants International Brotherhood of Teamsters or the Southern Conference of Teamsters with the Equal Employment Opportunity Commission. Such a charge was essential to the jurisdiction of the District Court. *Thornton v. East Texas Motor Freight,* 497 F.2d 416, 423 (6th Cir. 1974).[2] The District Court found further that the defendant Teamsters Local No. 667 discharged fully its responsibilities to the plaintiffs, and that finding is not clearly erroneous.

The District Court awarded two of the original plaintiffs, Messrs. Banks and Ira McKinney, relief against their employer in the form of back-pay and awarded a member of the plaintiffs' class, Mr. Edward McKinney, relief in the form of reinstatement to his position as a city driver upon the occurrence of the first vacancy in that classification as well as back-pay from his employer. This relief evidently was granted by the District Court upon its finding

\* \* \* that the transfers granted Banks and the McKinneys without any benefit of past seniority credit was inequitable and unfair under all the circumstances, particularly in light of the unexplained Harris and Day road driver roster status granted in 1968 and 1969. Racial considerations played at least some part in the inequitable and unsatisfactory experiences of Banks and the McKinneys in respect to their transfers. \* \* \*

" \* \* \* Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. \* \* \*" Rule 52(a), Fed.R. Civ.P. Thus, it is our function on this appeal, *inter alia,* to ascertain if the foregoing findings of fact are clearly erroneous.

\* Honorable C. G. Neese, United States District Judge for the Eastern District of Tennessee, sitting by designation.

1. This decision was announced after the trial in the District Court and after the appellate briefs herein were filed.

2. *Thornton v. East Texas Motor Freight* dealt on appeal with " \* \* \* issues of appropriate relief in an employment discrimination \* \* \*" setting. 497 F.2d at 418. The District Court had found therein that the employer's past policy of not permitting transfers from the position of city driver to the position of road driver, although affecting whites and blacks alike, *was* racially motivated and was not justified entirely by business necessity, that employer having hired no blacks as road drivers. *Id.* at 419.

We pretermit at this time and reserve the question of whether equity provides a basis for granting remedial relief with reference to seniority rights which arise exclusively from labor-management contracts. See *Ford Motor Co. v. Huffman,* 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1953), cited in *Charland v. Norge Division, Borg-Warner Corporation,* 407 F.2d 1062, 1064 (6th Cir.), cert. denied, 395 U.S. 927, 89 S.Ct. 1786, 23 L.Ed.2d 245 (1969). We do note that we are not bound by the clearly erroneous principle, if the District Court had applied an erroneous legal principle. *Senter v. General Motors Corp.,* 532 F.2d 511, 526 (6th Cir. 1976).

Our present concern, however, is whether the findings of the District Court include sufficient factual information for us to discharge our duty of ascertaining if the facts, as found by the trial court, are clearly erroneous. The gist of the original plaintiffs' claims is that their employer discriminated against them on account of their race. It was an unlawful employment practice if their employer discharged, or otherwise discriminated against, them or members of their class with respect to the privileges of their employment because of their race. 42 U.S.C. § 2000e–2(a)(1). That statute is aimed only at discriminatory practices, *Dewey v. Reynolds Metals Company,* 429 F.2d 324, 328 (6th Cir. 1970), aff'd, 402 U.S. 689, 91 S.Ct. 2186, 29 L.Ed.2d 267 (1971), and, before granting the plaintiffs and class members any relief, the Court must have found by a preponderance of the evidence that the employer discriminated against the aforementioned plaintiffs and Mr. Edward McKinney on account of their race. 429 F.2d at 328.

The employer Spector Freight Systems, Inc. (Spector) acquired Viking Freight Company (Viking) in 1968 and assumed Viking's obligations under a bargaining agreement with the Teamsters union. Thereunder, an employee, transferring from one job classification to another, forfeited his seniority for purposes of bidding on vacancies and in the order of being laid-off. Spector took over at such acquisition the operation of Viking's terminal in Memphis, Tennessee, which employed both city drivers and road drivers. Mr. Banks and the Messrs. McKinney, each, transferred from city driver to road driver out of that terminal, thus losing their seniority as city drivers.

The District Court found specifically that Spector hired no road drivers at its Memphis terminal after acquiring Viking until October, 1972, when Mr. Banks and the Messrs. McKinney, all black city drivers, were hired there by Spector as road drivers. The trial court found also that these transfers were accomplished subject to a supplemental agreement between the local Teamsters union in Memphis and the freight company, which permitted city drivers, thus transferring to road drivers, limited 'and conditional rights to "retreat" back into city driver classification, and that the aforenamed city drivers effected their transfers with general understanding of those rights.

The District Court made another finding which conceivably might be construed as its finding that Spector was guilty of racial discrimination in the matter of the transfers of Mr. Banks and the Messrs. McKinney. It was thus stated:

\* \* \* \* \* \*

\* \* \* Except for the Banks and the two McKinney claims, the court concludes that plaintiffs, as a class, have not established their claim of a pattern and practice of discrimination against Spector (although they may have against Viking) with regard to hiring of or transfer to road driver position. This Court in many other cases has found Memphis trucking firms guilty of such discrimination because openings were available, or new hires established and blacks were effectively excluded from consideration. Here, however, except for the effect of the Banks-McKinneys 1972 transfers, few, if any, other road driver openings were shown to exist. Defendant, Spector, is, however, within the rationale of *Thornton v. East Texas Motor Freight,* 545 [sic: 497] F.2d 197 [sic: 416] (6th Cir. 1972 [sic: 1974]) obligated to permit transfers to qualified black (or white) city

drivers when and as openings are available at Memphis on the road roster on a "rightful place" rationale. See *Franks v. Bowman Transportation,* [424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444.] It simply has not been demonstrated that such openings have existed up to the date of the filing of this suit.

\*   \*   \*   \*   \*   \*

Therefrom and from the further finding alluded to hereinabove, we are able to glean a semblance of findings of a racially discriminatory practice by Spector only from the language that unspecified " \* \* \* [r]acial considerations played at least *some part* \* \* \* [in the transfers of Mr. Banks and the Messrs. McKinney, and] \* \* \* *[e]xcept for* the Banks and the two McKinney claims \* \* \*" it was not established that Spector was guilty of a pattern and practice of discrimination. (Emphases added). The District Court's allusion to its earlier findings that Memphis truck firms, other than Spector, had been guilty of racial discrimination in hiring and transferring city drivers to road drivers cannot be accepted as a finding that Spector itself was guilty of a like practice.

■ As we are unable to identify from the present findings of the District Court whether Mr. Banks and the Messrs. McKinney were laid-off from their respective jobs as road drivers by Spector discriminatorily on account of their race, and if so, what subsidiary findings of the District Court support its ultimate conclusion in that regard, we must order the remand of the case to the District Court for a more specific explication of its findings herein.

\*   \*   \*   \*   \*   \*

" \* \* \* Under Rule 52(a) the court was required to find the facts specially. The findings should be both 'comprehensive and pertinent to the issues to provide a basis for decision.' *Schilling v. Schwitzer-Cummings Co.,* 79 U.S.App.D.C. 20, 22, 142 F.2d 82, 84 (1944); *Shapiro v. Rubens,* 166 F.2d 659 (7th Cir. 1948). In meeting this standard, the District Courts are not required to prepare elaborate findings on every possible issue or contention raised at trial. However, there must be subsidiary findings to support the ultimate conclusions of the court. *Kelley v. Everglades Drainage District,* 319 U.S. 415, 420, 63 S.Ct. 1141, 87 L.Ed. 1485 (1943); *Dearborn Nat'l Cas. Co. v. Consumers Petroleum Co.,* 164 F.2d 332, 333 (7th Cir. 1947). See also *Townsend v. Benavente,* 339 F.2d 421 (9th Cir. 1964). But see *Gay Games, Inc. v. Smith,* 132 F.2d 930, 931 (7th Cir. 1943). \* \* \*" *Deal v. Cincinnati Board of Education,* 369 F.2d 55, 63–64 (6th Cir. 1966), *cert. denied,* 389 U.S. 847, 88 S.Ct. 39, 19 L.Ed.2d 114 (1967).

■ The District Court concluded that Spector was not legally responsible for any claims of unlawful racial discrimination which the plaintiffs or their class may have had against its predecessor Viking. In connection therewith, the trial judge found specifically that there was " \* \* \* no evidence in the record that charges of employment discrimination had been filed against Viking Freight Company at its Memphis terminal \* \* \*" and that there likewise was no evidence that " \* \* \* claims of employment discrimination, if any, against Viking were known to Spector at the time that it acquired Viking. \* \* \*" These findings are not clearly erroneous and remove this case from the rationale of *EEOC v. MacMillan Bloedel Containers, Inc.,* 503 F.2d 1086 (6th Cir. 1974), which is relied upon by the cross-appellants. Under these circumstances, the District Court did not err in refusing to hold Spector liable for any unlawful discrimination which may have been practiced by Viking.

Accordingly, the judgment in No. 77–1107, which appeals from the award of relief on the individual claims of Messrs. Banks, Ira McKinney and Edward McKinney, is vacated and the cause remanded for further proceedings consistent herewith, including but not limited to supplemental findings of fact and conclusions of law, and without prejudice to the right of the District Court, in its discretion, to reopen the proofs, if it deems such necessary to a fair

adjudication of the issues. The appeal in No. 77–1108, which places in issue the remainder of the judgment, is affirmed.

Each party shall bear its own costs in No. 77–1107. Cross-appellants are assessed costs in No. 77–1108.

Merritt, Circuit Judge, filed a concurring opinion.