William D. CRUTCHER et al., Plaintiffs,

v.

COMMONWEALTH OF KENTUCKY, John Y. Brown, Jr., Governor, et al., Defendants.

Civ. A. No. 80–94.

United States District Court, E. D. Kentucky, Lexington Division.

Aug. 5, 1980.

Lynn M. Bynum, Louisville, Ky., for plaintiffs.

John Zink, Asst. Atty. Gen., J. Michael Noyes, Ann T. Hunsaker, Dept. for Human Resources, Frankfort, Ky., for defendants.

## MEMORANDUM OPINION AND ORDER

SCOTT REED, District Judge.

The plaintiff, William D. Crutcher, sues the defendants for racially discriminatory practices in employment, under the provisions of 42 U.S.C. Section 1983 and 42 U.S.C. Section 2000e, among others. These allegations can be divided for purposes of analysis into three claims, the initial misclassification of plaintiff Crutcher, the failure to promote the plaintiff, and the retaliatory transfer.

In order to file an action in Federal District Court, under 42 U.S.C. Section 2000e, it is necessary first to file a complaint with the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. Section 2000e–5. The requisite filing of a complaint with the EEOC against one defendant does not

supply a basis upon which to sue other defendants. The District Court only has jurisdiction of claims under 42 U.S.C. Section 2000e against those defendants named in the charges made before the EEOC. *Wiggins v. Spector Freight System, Inc.*, 583 F.2d 882 (6th Cir. 1978); *Thompson v. Bd. of Ed. of Romeo Community Schools*, 71 F.R.D. 398 (W.D.Mich.1976).

■ Plaintiff Crutcher's claim before the EEOC for failure to promote him was directed solely against the Kentucky Department for Human Resources. (Plaintiff's Complaint, Exhibit A). This Court lacks jurisdiction to hear plaintiff's claim of employment discrimination in failing to promote him, under 42 U.S.C. Section 2000e, against all of the defendants except for the Kentucky Department for Human Resources.

Plaintiff Crutcher's claim before the EEOC of employment discrimination by retaliation, is nominally limited to a claim against the Kentucky Department for Human Resources. However, the particulars of the claim suggest that it is also directed against defendant H. David Owens. (Plaintiff's Complaint, Exhibit B). This Court lacks jurisdiction to hear plaintiff's claim of employment discrimination by retaliatory harassment, under 42 U.S.C. Section 2000e, against all of the defendants except for the Kentucky Department for Human Resources and H. David Owens. It should be emphasized that these jurisdictional issues do not refer to plaintiff Crutcher's claims under 42 U.S.C. Section 1983. '

## II

■ Some of the defendants have raised the issue of this Court's jurisdiction based on plaintiff Crutcher's alleged failure to exhaust state remedies. (Memorandum in Support of Defendants' Motion to Dismiss, 1–3). As noted above, two jurisdictional prerequisites to filing a suit under 42 U.S.C. Section 2000e are filing a claim with the EEOC naming the defendant, see *Thompson v. Bd. of Ed. of Romeo Community Schools, supra.*, and receipt of a notice of right to sue. *Cutliff v. Greyhound Lines,*

*Inc.*, 558 F.2d 803 (5th Cir. 1977). However, the letters from the EEOC granting the right to sue are not conclusive proof of the Federal District Court's jurisdiction. *Id.* When a state agency exists which may grant relief to plaintiff, no claim may be made to the EEOC until sixty (60) days after the commencement of proceedings before that state agency, unless such proceedings are terminated before the passing of the sixty (60) days. 42 U.S.C. Section 2000e–5(c).

■ A state or local agency fulfills the requirements of providing a mechanism to deal with the violation if it may grant relief, seek relief, or institute criminal proceedings. *White v. Dallas Independent School Dist.*, 581 F.2d 556 (5th Cir. 1978). The Lexington–Fayette County Human Rights Commission has the requisite authority. KRS 344.310–344.320; Lexington, Ky., Code art. II, Sections 2–25 (1966); Lexington, Ky. Ordinance 5672 (October 31, 1966). This Commission had jurisdiction over plaintiff's complaint. Op. Atty. Gen. 75–669. Thus, state remedies were properly exhausted, under 42 U.S.C. Section 2000e–5(c), on plaintiff's claim that the Department for Human Resources discriminatorily failed to promote him.

## III

In ruling upon a motion for preliminary injunction several factors must be considered by the Court. The factors are:

1) Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;

2) Whether the plaintiffs have shown irreparable injury;

3) Whether the issuance of a preliminary injunction would cause substantial harm to others;

4) Whether the public interest would be served by issuing a preliminary injunction.

*Doerr v. B. F. Goodrich Co.*, 484 F.Supp. 320 (N.D.Ohio 1979); See *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256 (6th Cir. 1977).

■ The plaintiff has not shown a strong probability of success on the merits either for his claim of a discriminatory failure to be promoted or his claim of retaliatory harassment. Although the plaintiff's transfer has not resulted in a loss of either money or benefits, the Court recognizes that it may have a substantial effect upon plaintiff's job satisfaction, his ability to counsel clients, and his standing in the community. However, the injury does not outweigh the harm which would be caused by the interference with the internal workings of the Department of Human Resources if a transfer were prevented based upon the factual showing made by plaintiff to date. This view is subject to change as more information is received by the Court.

### IV

In order to facilitate the determination to be made by this Court upon plaintiff's claim, the United States Magistrate for the Eastern District of Kentucky shall hear evidence upon the merits of plaintiff's claim. The Magistrate shall issue a report and recommendation as to his conclusions based on such evidence. 28 U.S.C. Section 636(b)(3).

Also before the Court is the class action component of plaintiffs' complaint. The Magistrate shall hear evidence upon that issue and determine whether or not this case should be certified as a class action under Fed.R.Civ.P. 23. 28 U.S.C. Section 636(b)(1)(B). The Magistrate shall issue a report and recommendation as to his conclusions based on such evidence.

IT IS THEREFORE ORDERED:

1) That the claim of plaintiff Crutcher against the Commonwealth of Kentucky, defendant, under 42 U.S.C. Section 2000e is, *sua sponte*, hereby DISMISSED;

2) That the claim of plaintiff Crutcher against Governor John Y. Brown, Jr., defendant, in his official and individual capacity, under 42 U.S.C. Section 2000e is, *sua sponte*, hereby DISMISSED;

3) That the motion of the Kentucky Department for Human Resources, defendant, to dismiss the claim made by plaintiff Crutcher, under 42 U.S.C. Section 2000e, is hereby DENIED;

4) That the motion of Dr. Grady Stumbo, defendant, to dismiss the claim made by plaintiff Crutcher against him, in his official and individual capacity, under 42 U.S.C. Section 2000e, is hereby GRANTED;

5) That the motion of Dr. John C. Wells, defendant, to dismiss the claim made by plaintiff Crutcher against him, in his official and individual capacity, under 42 U.S.C. Section 2000e, is hereby GRANTED;

6) That the motion of H. David Owens, defendant, to dismiss the claim made by plaintiff Crutcher against him, in his official and individual capacity, under 42 U.S.C. Section 2000e, of a discriminatory failure to promote him, is hereby GRANTED;

7) That the motion of H. David Owens, to dismiss the claim made by plaintiff Crutcher against him, in his official and individual capacity, under 42 U.S.C. Section 2000e, of retaliatory harassment, is hereby DENIED;

8) That the motion of Matthew Amato, defendant, to dismiss the claim made by plaintiff Crutcher against him, in his official and individual capacity, under 42 U.S.C. Section 2000e, is hereby GRANTED;

9) That the motion of James Thompson, defendant, to dismiss the claim made by plaintiff Crutcher against him, in his official and individual capacity, under 42 U.S.C. Section 2000e, is hereby GRANTED;

10) That the motion of Eugene Back, defendant, to dismiss the claim made by plaintiff Crutcher against him, in his official and individual capacity, under 42 U.S.C. Section 2000e, is hereby GRANTED;

11) That the motion of Kyle Mackle, defendant, to dismiss the claim made by plaintiff Crutcher against him, in his official and individual capacity, under 42 U.S.C. Section 2000e, is hereby GRANTED;

12) That the motion of L. J. Foster, defendant, to dismiss the claim made by plaintiff Crutcher against him, under 42 U.S.C. Section 2000e, is hereby GRANTED;

13) That the motion of J. E. DeShazer, defendant, to dismiss the claim made by plaintiff Crutcher against him, under 42 U.S.C. Section 2000e, is hereby GRANTED;

14) That the claims of plaintiff Crutcher are hereby referred to the United States Magistrate at Lexington, Kentucky;

15) That the United States Magistrate shall issue a Report and Recommendation as to the merits of those portions of plaintiff Crutcher's complaint remaining in issue;

16) That the class action portion of this case is hereby referred to the United States Magistrate at Lexington, Kentucky;

17) That the United States Magistrate shall issue a Report and Recommendation as to whether this Court should certify the instant case as a class action under Fed.R. Civ.P. 23.