G. Ricardo **SALAS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 21401.

United States Court of Appeals
Ninth Circuit.

Oct. 23, 1967.

Barrett, Ferenz & Trapp, Walter S. Ferenz, Agana, Guam, and Oakland, Cal., for appellant.

Barefoot Sanders, Asst. Atty. Gen., Carl Eardley, Acting Asst. Atty. Gen., Alan S. Rosenthal, Atty., Robert V. Zener, Atty., Civ. Div., Dept. of Justice, Washington, D. C., James Alger, U. S. Atty., Agana, Guam, for appellee.

Before DUNIWAY and ELY, Circuit Judges, and BYRNE, District Judge.

PER CURIAM:

The appellant is a citizen and taxpayer of the Territory of Guam. 48 U.S.C. § 1421d(c) provides, in effect, that specified transportation and housing expenses of certain officers and employees of the Territory shall be borne by the United States. Since fiscal 1953, failure of Congress to appropriate funds for the expense has necessitated its payment by the Territory. Appellant's suit against the United States was presented as a class action. He alleged that the Government of Guam has failed to institute legal action to recover the amount, over $10,000,000, and that it would be useless for him to request that it do so. His particular interest in the claimed obligation, like the interest of his fellow Guamanian taxpayers for whom he purported to act, is not measurable. District Court jurisdiction was invoked under provisions of the Tucker Act,[1] 28 U.S.C. § 1346(a)(2), and the Organic Act of Guam, 48 U.S.C. § 1424(a).

The Tucker Act limits the jurisdiction of the District Court to "[a]ny

---

[1] During oral argument, we were informed that the appellant had first sought relief in the Court of Claims and that that court, under its rule against the entertainment of class actions, had declined jurisdiction.

other civil action or claim against the United States, not exceeding $10,000 in amount * * *." 28 U.S.C. § 1346(a)(2). While approximately one-half of the claimed amount would appear to be barred by lapse of time (28 U.S.C. §§ 2401, 2501), it remains vastly in excess of the maximum jurisdictional amount prescribed by the Tucker Act. Furthermore, the claim, as presented, was one claim, indivisible and belonging only to the Territory of Guam. None other than the Territory was empowered to assert it. The District Court properly dismissed the action.

Affirmed.