GOVERNMENT OF GUAM ex rel. Carlos G. CAMACHO and G. Ricardo Salas, Carlos G. Camacho and G. Ricardo Salas, Appellants,

v.

Horace V. BIRD, Appellee.

No. 21503.

United States Court of Appeals
Ninth Circuit.

May 27, 1968.

Walter S. Ferenz (argued), of Barrett, Ferenz, Trapp & Gayle, Oakland, Cal., for appellants.

Louis M. Kauder (argued), Lee A. Jackson, William A. Friedlander, Stuart A. Smith, Washington, D. C., Mitchell Rogovin, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., James P. Alger, U. S. Atty., Agana, Guam, for appellee.

Before MERRILL and CARTER, Circuit Judges, and WEIGEL, District Judge.

WEIGEL, District Judge:

Appellants are citizens and taxpayers of the Territory of Guam purporting to act on behalf of the government of Guam. When this action was instituted in the District Court of the Territory, appellee was Commander, Naval Forces, Marianas. In that capacity, he imported alcoholic beverages for use within military reservations in Guam. The importation was pursuant to Department of Defense Regulations promulgated under section 6 of the Universal Military Training and Service Act, 50 U.S.C. App. § 473 (1964).

Appellants contend that the importation was contrary to the laws of Guam because the alcoholic beverages were not consigned to a licensed wholesaler (section 25600 of title 26, Government Code of Guam) and taxes were not paid upon them (section 25601 of title 26, Government Code of Guam). By their complaint, appellants sought injunctive relief against appellee's further importation in claimed violation of the indicated territorial statutes. The district court dismissed the complaint. It held that appellants were without standing to sue and that the suit was in substance an unconsented one against the United States.

We affirm. Appellants lack the requisite interest upon which to bottom suit. The possibility that, should they prevail, they might benefit by reduced taxes is not enough to justify their taking action on behalf of the government of Guam. Cf. Com. of Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1932). Appellants' reliance upon Reynolds v. Wade, 249 F.2d 73, 17 Alaska 401 (9th Cir. 1957) is not well taken. The pecuniary interest of the taxpayer plaintiff there may have been similar to that of appellants' here. However, the nature or extent of that interest is only one criterion to be considered in determining standing to sue. Consideration must be given to other factors such as, for example, the appropriateness of judicial relief, the availability of redress through other channels, or the existence of other persons better situated to assert the claim. See Jaffe, Standing to Secure Judicial Review: Public Actions, 74 Harv.L.Rev. 1265 (1961); Note, Taxpayers' Suits: A Survey and Summary, 69 Yale L.J. 895, 904, 924 (1960); cf. School Dist. of Abington Tp., Pa. v. Schempp, 374 U.S. 203, 266 n. 30, 83 S. Ct. 1560, 10 L.Ed.2d 844 (1963) (Brennan, J., concurring); Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 150, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring).

In *Reynolds*, the action was brought by a taxpayer of the Territory of Alaska against officials of that territorial government. The suit challenged the validity of a statute enacted by the territorial legislature and sought to enjoin expenditures of public funds under the challenged statute. Denial of standing there would have been in effect denial of any practical possibility of judicial review of the actions of the territorial government. Here, by contrast, the government of Guam can readily assert these claims against appellee (or his successor). The allegation that it is unwilling to do so is of no moment. Cf. Salas v. United States, 384 F.2d 922 (9th Cir. 1967).

Since appellants lack the requisite standing to sue, we need not reach other contentions urged by the parties.