**ISLAND EQUIPMENT LAND CO., a corporation, and Pacific Retread, Inc., a corporation, Plaintiffs-Appellants,**

**v.**

**GUAM ECONOMIC DEVELOPMENT AUTHORITY, a public corporation, et al., Defendants-Appellees.**

No. 71–2108.

United States Court of Appeals, Ninth Circuit.

Feb. 27, 1973.

William C. Anderson (argued), Agana, Guam, for plaintiffs-appellants.

Walter S. Ferenz (argued), of Barrett, Ferenz, Bramhall & Klemm, Agana, Guam, Gerald E. Stinson, Asst. Atty. Gen. (argued), Richard D. Magee, Asst. Atty. Gen., Vincent T. Perez, Atty. Gen., Agana, Guam, E. R. Crain, Agana, Guam, for defendants-appellees.

Before BROWNING, WRIGHT, and CHOY, Circuit Judges.

PER CURIAM:

Appellants sue as Guam taxpayers and citizens to set aside a 90-year sublease of certain public lands by defendant Guam Economic Development Authority (GEDA) to defendant Dillingham Corporation for use as a site for a shopping center.

Acting pursuant to statutory authority, the Governor of Guam leased the property to GEDA in 1966 for a period of 50 years on condition (1) that the property be "administered, maintained and used as light industrial areas and for no other purpose"; and (2) that it be sublet only "for light industrial use." Consideration for the original lease was $1.00 and GEDA's promise to use the property in "the promotion of the economic development of Guam."

In 1967 the Governor agreed to an amendment to the lease adding additional land to the leasehold and extending the lease term to 99 years. Early in 1969 the Guam legislature terminated the Governor's authority to lease public lands. Thereafter, on September 15, 1969, the Governor agreed to a "Clarifying Amendment" to the lease providing that GEDA "may use the demised land for any purpose included within and treated as an allowable use under M–1 Light Industrial zone as determined in accordance with the zoning laws of Guam existing as of date of the amendment." Under Guam zoning law, commercial uses, including use as a shopping center site, are allowable in light industrial zones. The sublease to Dillingham Corporation followed.

Appellants claim (1) that the 1967 amendment adding to the leasehold and extending the term of the lease is void for want of consideration; (2) that the 1969 "Clarifying Amendment" is void because in excess of the Governor's authority; and (3) that the sublease is therefore void because GEDA lacked authority to sublease the lands for the term and use provided.

The district court ruled that appellants had standing to bring this suit, but granted summary judgment against them on the merits. The court held that the promise to use the additional lands to promote Guam's economic development was adequate consideration for the 1967 amendment, and that if the Governor lacked authority to execute the 1969 amendment it would make no difference because the amendment "does not alter the lease in any material manner," and is "nothing more than a statement of clarification of a term and condition already included in the original lease." The court based the latter conclusion on the ground that the term "light industrial areas" in the lease meant the same as the term "M–1 Light Industrial Zone" in the zoning laws of Guam.

We held in Reynolds v. Wade, 249 F. 2d 73, 76–77, 17 Alaska 401 (9th Cir. 1957), that the rule of federal taxpayer standing announced in Frothingham v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L. Ed. 1078 (1923) (see also Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed. 2d 947 (1968)), was not applicable to a suit by a territorial taxpayer against his territorial government because a territorial taxpayer, like a state taxpayer, has a substantially greater pecuniary interest in his government than a federal taxpayer. Accord, Buscaglia v. District Court of San Juan, 145 F.2d 274, 284 (1st Cir. 1944).

■ Whether Guam citizen-taxpayers have standing to question acts of the territorial government is a matter of purely local concern. The District Court of Guam has held that appellants have such standing, and "[t]he decision of a territorial court on a matter of purely local public policy should be sustained unless there is no tenable theory on which the decision can be based." Capital Insurance & Surety Co. v. Globe Indemnity Co., 382 F.2d 623, 626 (9th Cir. 1967). *See* Bonet v. Yabucoa Sugar Co., 306 U.S. 505, 509–510, 59 S.Ct. 626, 83 L.Ed. 946 (1939); San Geronimo Development Co. v. Treasurer of Puerto Rico, 233 F.2d 126, 133 (1st Cir. 1956).

The district court's decision does rest upon a "tenable theory." While it is true, as appellees point out, that the traditional rationale for a taxpayer suit is that the taxpayer-plaintiff has sustained pecuniary loss because the challenged government action wasted public funds derived from taxation (*see* Lyon v. Bateman, 119 Utah 434, 228 P.2d 818, 823 (1951); Henderson v. McCormick, 70 Ariz. 19, 215 P.2d 608, 611 (1950)), it is also true that a clear, if less generally accepted, line of authority supports the theory that a citizen-taxpayer has standing to question the lawfulness of the sale or lease of public property without showing pecuniary harm, and, indeed, even though the sale or lease may be economically advantageous. *See, e. g.*, Lien v. Northwestern Engineering Co., 74 S.D. 476, 54 N.W.2d 472 (1952); Colwell v. City of Great Falls, 117 Mont. 126, 157 P.2d 1013 (1945); City of Bessemer v. Huey, 247 Ala. 12, 22 So.2d 325 (1945); City of Shreveport v. Kahn, 194 La. 55, 193 So. 461 (1939); Hanlon v. Levin, 168 Md. 674, 179 A. 286 (1935).[1]

We therefore turn to the merits.

1. Appellants do not assert a claim against third parties on behalf of the Government of Guam, as in Government of Guam ex rel. Camacho v. Bird, 398 F.2d 314 (9th Cir. 1968), and Salas v. United States, 384 F.2d 922 (9th Cir. 1967); they challenge the lawfulness of acts of government itself.

■ We agree with the district court's summary rejection of appellants' attack upon the 1967 amendment. There is no dispute of fact material to this issue, and, as a matter of law, GEDA's promise to use the additional lands to further the economic development of Guam for the additional term was sufficient consideration.

■ We disagree, however, with the court's summary rejection of appellants' challenge to the validity of the 1969 amendment. As to this issue, we think the record was not ripe for summary judgment. Appellees failed to carry their burden of establishing that no triable issue of fact was presented as to whether or not the parties to the original lease intended to authorize GEDA to sublet the property for use as a site for a shopping center.

The language of the lease authorizing GEDA to sublet the property "for light industrial use" is hardly a clear and unambiguous authorization to sublet as a shopping center site. The only other possibly relevant material before the court was certain letters to GEDA from businessmen, including officers of appellants, protesting use of the land for the shopping center development. These letters, dated in January 1968 and July and August 1969, were offered by appellees only to show that appellants were aware of the planned use. All of the letters were written long after the execution of the original lease, and, in any event, reflect only the knowledge of appellants, not the intent of the parties to the lease. Moreover, the author of one of the letters objected to the proposed development on the precise ground that use of the property for a shopping center bore no relationship to the authorized use for "light industrial" development.[2]

Appellees' reliance upon the bar of § 526(7) of the Guam Code of Civil Procedure seems misplaced in view of its limitation to action by "an authorized person."

2. The letter reads, "It is our understanding that the property you propose to develop

Since appellees failed to demonstrate the absence of any material issue of fact, appellants were not obliged to file counter-affidavits. "Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." Advisory Note of 1963 to Subdivision (e), Rule 56, quoted in 6 Moore's Federal Practice 2823; *see* Byrnes v. Mutual Life Insurance Co., 217 F.2d 497, 501 (9th Cir. 1954).

The judgment is reversed. The cause is remanded to the district court with instructions to enter an order under Federal Rules of Civil Procedure 56(d) regarding the issues raised with respect to the 1967 amendment, and to conduct such further proceedings as may be required to resolve the issues of fact and law raised with respect to the 1969 amendment.

as a shopping center was acquired by you for the sum of $1 for use as light industrial development and to induce industry to come to Guam. There is no relationship or industrial purpose served by using the property as a shopping center."