Donald G. HAMILTON,
Plaintiff-Appellant,

v.

KEYSTONE TANKSHIP
CORPORATION,
Defendant-Appellee.

No. 75–1850.

United States Court of Appeals,
Ninth Circuit.

July 28, 1976.

Neil M. Herring, Finkel & Herring, Los Angeles, Cal., for plaintiff-appellant.

Roger A. Ferree, McCutchen, Black, Verleger & Shea, Los Angeles, Cal., for defendant-appellee.

## OPINION

Before CHAMBERS, HUFSTEDLER and GOODWIN, Circuit Judges.

PER CURIAM:

Plaintiff brought this suit in federal district court seeking to recover reimbursement for private medical expenses and sums representing maintenance from the defendant under the maritime laws. Plaintiff's basis for this action was an allegation that he had become ill and disabled while employed aboard the defendant's vessel, the S.S. Catawba Ford. After some discovery had taken place, the defendant moved for summary judgment based on certain "documentary evidence" which it had attached to its motions as exhibits. The motions had no affidavits in support of it and no verified foundation of the "exhibits." The motion and notice were filed on January 31, 1975. Proposed findings of fact and conclusions of law were also filed by the defendant at that time. The district court set argument on the motion for February 18 but continued the argument until March 10 on its own motion. The plaintiff filed a memorandum in opposition to the motion for summary judgment on March 5. On March 7, the plaintiff filed a statement of the genuine issues of fact pursuant to Local Rule 3(g)(2) of the Central District of California. The defendant on March 7, 1975, filed a response to the plaintiff's memorandum in opposition and included an affidavit in support of certain of its exhibits. At the hearing on March 10, 1975, the district court granted summary judgment for the defendant on the grounds that plaintiff had failed to comply with the requirements of Local Rule 3 and based on the absence of genuine issues of material fact. He further refused to allow the plaintiff a continuance to allow the plaintiff to submit affidavits to controvert the defendant's motion. This appeal followed.

The threshold question on this appeal is whether the district court was justified in granting a summary judgment for failure to comply with Local Rule 3.

The pertinent portions of Local Rule 3 provide:

*(f) Opposition to Motions, Papers Required—Service and Filing*

*1. Content of Papers Filed:*

Each party opposing the motion or other application shall not later than seven (7) days after service of the notice thereof upon him, serve upon the adverse party, or his attorney, and file with the Clerk either (a) a brief, but complete written statement of all reasons in opposition thereto, an answering memorandum of points and authorities and copies of all photographs and documentary evidence upon which he intends to rely; or (b) a written statement that he will not oppose the motion.

*2. Failure to File Required Papers:*

In the event an adverse party fails to file the instruments and memorandum of points and authorities provided to be filed under this rule, such failure shall be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application.

\* \* \* \* \* \*

*(g) Motions for Summary Judgment*

1. There shall be served and lodged with each motion for summary judgment pursuant to Rule 56 of the F.R.Civ.P. proposed findings of fact and conclusions of law and proposed summary judgment. Such proposed findings shall state the material facts as to which the moving party contends there is no genuine issue.

2. Any party who opposes the motion shall, not later than five (5) days after service of the notice of motion upon him, serve and file a concise "statement of genuine issues" setting forth all material facts as to which it is contended there exists a genuine issue · necessary to be litigated.

3. *In determining any motion for summary judgment, the court may assume that the facts as claimed by the moving party are admitted to exist without controversy except as and to the extent that such facts are controverted by affidavit filed in opposition to the motion.* [Emphasis added.]

The district court held that the above rules required a summary judgment for the defendant in this case. The district judge stated that the failure to file a timely opposition was under Local Rule 3(f) the equivalent of a consent to the motion. He further held that the failure to file a statement of genuine issues and any affidavits controverting the factual statements of the motion and supporting material required a finding under Rule 3(g) that there was no genuine issue of material fact.

 Rule 83 of the Federal Rules of Civil Procedure allows the district court to formulate local rules to the extent they are not inconsistent with the federal rules. See *Dredge Corp. v. Penny*, 338 F.2d 456 (9th Cir. 1964). Under Rule 56 of the federal rules, a party against whom a motion for summary judgment is directed need not file any contravening affidavits or other material but is entitled to a denial of the motion for summary judgment where the movant's papers are insufficient on their face or themselves demonstrate the existence of a material issue of fact. See *Island Equipment Land Co. v. Guam Eco. Dev. Auth.*, 474 F.2d 753 (9th Cir. 1973); Advisory Note of 1963 to Subdivision (e), Rule 56.

Here there were no affidavits in support of the motion for summary judgment. Further, there was no proper foundation laid for the documentary "exhibits." Exhibits which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment. *United States v. Dibble*, 429 F.2d 598 (9th Cir. 1970). It is clear that the defendant did not meet his burden under Rule 56 to demonstrate that there was no genuine material factual issue. As we read Local Rule 3, that rule does not require entry of a summary judgment on behalf of the moving party in absence of opposition, affidavits or statements of genuine issues of fact by the opponent,[1] where the movant's papers on their face are clearly insufficient to support a motion for summary judgment and where, as here, those papers themselves suggest the existence of a genuine issue of material fact.

The judgment of the district court is reversed and remanded for further proceedings consistent with this opinion.

---

1. See *Wang v. Lake Maxinhall Estates, Inc.*, 531 F.2d 832 (7th Cir. 1976) where the court interpreted a similar local rule on the filing of opposing affidavits to require the district court to accept the statements of movant's affidavits as true but not requiring summary judgment for the movant where the opponent failed to file opposing affidavits. Because of our interpretation of Local Rule 3 we need not reach the issue, but it is highly questionable in light of the standards of Rule 56 that a local rule can mandate the granting of summary judgment for the movant based on a failure to file opposing papers where the movant's papers are themselves insufficient to support a motion for summary judgment or on their face reveal a genuine issue of material fact. See *Island Equipment Land Co. v. Guam Eco. Dev. Auth.*, supra.