John **YORGER**, Plaintiff-Appellant,

v.

**PITTSBURGH CORNING CORPORATION,**
Defendant-Appellee.

No. 82–2803.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 6, 1984.
Decided May 8, 1984.

Gregory A. Young, Indianapolis, Ind., for plaintiff-appellant.

James W. Riley, Jr., Callahan, Riley & Hillis, Indianapolis, Ind., for defendant-appellee.

Before CUMMINGS, Chief Judge, WOOD and CUDAHY, Circuit Judges.

CUMMINGS, Chief Judge.

In this diversity case plaintiff John Yorger appeals the district court's order granting summary judgment in favor of defendant Pittsburgh Corning Corporation (PCC) which was based upon the court's construction of an Indiana statute of limitations, Ind.Code § 33–1–1.5–5 (1978). For the reasons stated *infra* we vacate the judgment and remand for further proceedings in the district court.

I

Plaintiff worked with asbestos as an insulation mechanic from 1939 to 1980. Over the years plaintiff installed asbestos-containing materials such as pipe insulation and removed old materials on hundreds of commercial and industrial jobsites for various employers in Indiana, Michigan, Iowa, Illinois, Ohio, Florida, Kentucky, and Texas. Plaintiff claims to have asbestosis (a term used generally herein to refer to any asbestos-related disease) and was diagnosed as asbestotic in 1980.[1] His last full year of work was in 1979 following which he asserts he was forced to retire due to his condition.

On October 24, 1980, plaintiff commenced this suit against numerous manufacturers of asbestos products seeking damages for alleged injuries attributable to exposure at the various jobsites. We recite in some detail the substance of the pleadings and motions because this case was decided below on summary judgment and, as discussed *infra*, defendant contends on appeal that plaintiff waived a factual issue in responding to defendant's motion for summary judgment. At the time plaintiff's second amended complaint was filed on July 6, 1982, all the original defendants except PCC and Owens-Illinois, Inc. had settled with plaintiff or had been dismissed due to lack of service of process. Owens-Illinois, Inc. subsequently filed a motion for summary judgment, was successful on that motion, and later settled with plaintiff, so that PCC is the sole remaining defendant and subject of this appeal. The two-count final complaint is grounded on negligence and defective product liability and alleges that at various locations in the aforementioned states plaintiff was exposed to asbestos manufactured by defendant, causing plaintiff's asbestosis. The complaint requests a total of $1,000,000 in compensatory and punitive damages.

An exhibit to the complaint sets forth in detail plaintiff's work history, listing the jobsites (to the best of his recollection), approximate dates, and the type of asbestos-containing material he allegedly handled at each jobsite. Because of the statute of limitations problem, discussed *infra*, most relevant are the more recent alleged exposures. The work history lists numerous exposures to asbestos-containing materials occurring after October 24, 1970, eight of which refer either to defendant PCC or "Unibestos", an asbestos-containing pipe insulation manufactured and sold by PCC. The exposure most critical to this appeal is plaintiff's "tear-off" (*i.e.*, pipe insulation removal and replacement) work at the Paradise steam power plant, in Paradise, Kentucky, during 1979 (Work History,

---

**1.** Specifically, the record indicates that plaintiff was fully diagnosed as asbestotic late in 1980, but was cognizant of the problem before then,

and began to "lose significant wages due to asbestos caused harm * * * on or about January, 1980" (Second Amended Compl., p. 5).

Second Amended Compl., Ex. D, pp. 38–40). In his deposition plaintiff specified that his employment at the Paradise plant by the Tennessee Valley Authority extended from approximately February 12, 1979, to June 12, 1979 (Yorger Dep., vol. III, p. 516).

On July 20, 1982, defendant PCC filed a motion for summary judgment claiming no genuine issue of material fact exists and that defendant is entitled to judgment on the basis of statutes of limitations, Ind. Code § 34–1–2–2 (1976) and § 33–1–1.5–5 (1978). It is undisputed that the former applies to those claims of plaintiff deemed to have accrued before June 1, 1978, and the latter applies to actions accruing after that date. The argument made in defendant's motion for summary judgment is as follows: Section 34–1–2–2 is a two-year statute of limitations, and since plaintiff commenced this action on October 24, 1980, any claims deemed to have accrued prior to June 1, 1978, are barred by the two-year rule (Defendant's Mem. In Support of Summary Judgment, pp. 3–4). Regarding those claims accruing after June 1, 1978, Section 33–1–1.5–5 provides:

> Sec. 5. Statute of Limitations. This section applies to all persons regardless of minority or legal disability. Notwithstanding IC 34–1–2–5, any product liability action must be commenced within two (2) years after the cause of action accrues or within ten (10) years after the delivery of the product to the initial user or consumer; except that, if the cause of action accrues more than eight (8) years but not more than ten (10) years after the initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues.

Under defendant's construction of Section 33–1–1.5–5, defendant in its summary judgment motion asserts that PCC did not deliver or sell any asbestos-containing product to companies employing plaintiff as listed on plaintiff's work history after October 1, 1970, i.e., slightly more than ten years prior to the commencement of this action. It is undisputed that defendant manufactured Unibestos from July 1, 1962

to February 1, 1972, but the critical dates are the dates of delivery to plaintiff's employers and, specifically, the dates of delivery to plaintiff's jobsites. Defendant's claim that no delivery was made to these jobsites is based upon the affidavit of Robert E. Buckley, former vice president and currently a consultant to PCC. The affidavit addresses plaintiff's employers and jobsites from October 1, 1970, to the most recent jobsite, i.e., the Paradise plant from February 12, 1979 to June 12, 1979. The affidavit states, "[b]ased upon a review of all available records of [PCC], after October 1, 1970, [PCC] did not sell or deliver asbestos thermal insulation products to [these] companies at the respective job sites * * * " (Defendant's Mem. In Support of Summary Judgment, App. A, p. 1).

In plaintiff's response to defendant's motion, plaintiff asserts that there are several unresolved questions of material fact and that summary judgment in favor of defendant was therefore improper. The response alleges exposure to defendant's products in Illinois and Kentucky and refers to several places in the work history, stating, for example, that plaintiff was exposed to Unibestos insulation at the Paradise plant in 1979 (at p. 40). The response also refers to and discusses defendant's answers to plaintiff's interrogatories, in which defendant lists those companies employing plaintiff to which PCC believes it sold asbestos-containing materials. In the answer defendant admits having sold asbestos insulation materials to seven of plaintiff's past employers during periods of plaintiff's employment, spanning from July 1964 to December 1971. Not included in defendant's answer is a reference to the Tennessee Valley Authority which employed plaintiff at the Paradise steam plant in 1979. Defendant sold asbestos products to two of plaintiff's seven employers after October 1, 1970, the date referred to in the Buckley affidavit as the date after which no asbestos was sold to plaintiff's employers. The Buckley affidavit seeks to undo or modify what is admitted in the interrogatory answer by asserting that no asbestos was sold to the plaintiff's particular *jobsites*

with respect to these two employers.[2] Plaintiff's response challenges the veracity of the Buckley affidavit, particularly the claim that no deliveries were made not only to particular employers after October 1970, but that no deliveries were made to particular jobsites.

Defendant's reply to plaintiff's response reiterates its position that plaintiff's action (particularly any claim accruing after June 1, 1978) is time-barred by the ten-year provision in Ind.Code § 33–1–1.5–5 if defendant did not deliver asbestos products after October 24, 1970, and that the Buckley affidavit substantiates this factual allegation.

In a brief memorandum, the district court granted defendant's motion for summary judgment. Judge Holder's findings of fact state that "[p]laintiff never worked with nor was exposed to asbestos thermal insulation products manufactured or sold on or after October 24, 1970 by [PCC]." Based upon this finding, the court ruled that plaintiff's claims accruing after June 1, 1978, are barred by "the ten-year statute of limitations of Indiana's Product Liability Act, I.C. § 33–1–1.5–5." The court also ruled that those claims accruing before June 1, 1978, are time-barred by the two-year statute of limitations of Ind.Code § 34–1–2–2 (1976).

Plaintiff appeals from summary judgment in favor of defendant on the grounds that recovery for the alleged exposure at the Paradise plant in 1979 is not barred by the Indiana statutes of limitation, that the district court misconstrued Section 33–1–1.5–5, and that defendant has not established it is entitled to judgment as

a matter of law. Plaintiff does not argue that the other alleged asbestos exposures are grounds for reversal. Indeed plaintiff concedes that the earlier alleged exposures to Unibestos are time-barred by Ind.Code § 34–1–2–2 (1976),[3] so that we will consider as grounds for reversal only the alleged exposure at the Paradise plant in 1979. Also, for purposes of this appeal the parties do not dispute the district court's holding that the statute of limitations of the forum state, Indiana, applies notwithstanding the alleged exposure in 1979 in Kentucky. Finally, for purposes of this appeal the parties do not dispute the Indiana rule that an action accrues when injury occurs, e.g., Braswell v. Flintkote Mines, Ltd., 723 F.2d 527, 532–533 (7th Cir.1983); Shideler v. Dwyer, 417 N.E.2d 281, 289 (Ind.1981); Steinhardt v. Johns-Manville Corp., 54 N.Y.2d 1008, 446 N.Y.S.2d 244, 430 N.E.2d 1297 (1981), and concede that an asbestosis victim's injury begins upon exposure to and inhalation of the asbestos fibers.[1]

## II

Under Fed.R.Civ.P. 56(c), the entry of summary judgment is proper and will be upheld on appeal only if "there is no genuine issue as to any material fact and [if] the moving party is entitled to a judgment as a matter of law." The movant for summary judgment bears the burden of establishing the absence of a genuine issue of material fact and the entitlement to judgment as a matter of law. E.g., Rose v. Bridgeport Brass Co., 487 F.2d 804, 808 (7th Cir.1973). All doubts are to be resolved against the movant, the non-moving party's reasonable allegations to be accept-

**2.** This conflict is discussed in note 7 *infra.*

**3.** See note 7 *infra.*

**4.** This position is generally based upon, *inter alia,* "medical evidence that the body incurs microscopic injury as asbestos fibers become lodged in the lungs and as the surrounding tissue reacts to the fibers thereafter." *Keene Corp. v. Insurance Co. of North America,* 667 F.2d 1034, 1042 (D.C.Cir.1981). Some states, mindful of the disease's substantial latency period and resulting burden this rule imposes upon

plaintiffs, deem accrual to occur when the disease is discovered (see, *e.g., Pauley v. Combustion Engineering, Inc.,* 528 F.Supp. 759, 764 (S.D. W.Va.1981)) or when there is palpable disease (see, *e.g., Neubauer v. Owens-Corning Fiberglas Corp.,* 686 F.2d 570 (7th Cir.1982). Although there is no necessity for extensive analysis on this point herein, we note that, regarding the alleged Paradise plant exposure, the impact of each of these accrual rules upon plaintiff's claim is the same under Ind.Code § 33–1–1.5–5 (1978).

ed as true for purposes of summary judgment. *E.g., id.; Zahora v. Harnischfeger Corp.*, 404 F.2d 172, 175 (7th Cir.1968).

In the specific instance of the entry of summary judgment on the basis of a statute of limitations defense, it follows that summary judgment is appropriate only if (1) the statute of limitations has run, thereby barring plaintiff's claim as a matter of law, and (2) there exist no genuine issues of material fact regarding the time at which plaintiff's claim has accrued and the application of the statute to plaintiff's claim which may be resolved in plaintiff's favor. See *Admiralty Fund v. Jones*, 677 F.2d 1289, 1293 (9th Cir.1982).

Plaintiff argues that irrespective of the weight or credibility to be attached to defendant's assertion that no PCC asbestos-containing materials were delivered to plaintiff's jobsites after October 1, 1970, this assertion does not establish that the statute of limitations bars plaintiff's claim arising from the Paradise plant exposure in 1979. Ind.Code § 33–1–1.5–5 (1978) allows plaintiff to commence his action two years after accrual, and since plaintiff's 1979 exposure (approximately February 12, 1979, to June 12, 1979) was less than two years before commencement of this action (October 24, 1980), plaintiff contends the action is not time-barred.

We will begin with the language of the statute at issue, the Indiana Product Liability Act, Ind.Code § 33–1–1.5–5 (1978), quoted *supra*. The pertinent clause provides that "if the cause of action accrues more than eight (8) years but not more than ten (10) years after the initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues." Our role as a federal appellate court in this diversity action is simply to apply the language of the Indiana statute and to ascertain and give effect to the intent of the Indiana legislature. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. In many diversity cases a court is called upon to construe and apply ambiguous statutory language, the ambiguity compounded by unilluminating

or non-existent case law construing the provision. This is not one of those cases.

■ The plain meaning of the aforementioned clause found in Section 33–1–1.5–5 in the context of this action is as follows: With respect to the alleged injury arising from the 1979 Paradise plant exposure, plaintiff satisfied the two-year requirement by filing on October 24, 1980. The only remaining question is whether the Unibestos product was delivered between eight to ten years before exposure at the Paradise plant. If this is not the case, then the clause does not apply, and the prior portion of Section 33–1–1.5–5 governs, which provides that "any product liability action must be commenced within two (2) years after the cause of action accrues or within ten (10) years after the delivery of the product to the initial user or consumer \* \* \*." The leading case interpreting this prior portion was decided before defendant's motion for summary judgment and held that the use of the word "or" cannot be construed as allowing plaintiffs to satisfy *either* the two-years-from-accrual aspect or the ten-years-from-delivery aspect. *Dague v. Piper Aircraft Corp.*, 418 N.E.2d 207 (Ind.1981). The court noted that such a liberal though quite literal construction would thwart the legislature's intent to modify the previously enacted statute of limitations, Ind.Code § 34–1–2–2 (1976), which as discussed *supra* imposes only the two-years-from-accrual rule. 418 N.E.2d at 210–211. The court also reasoned that had the legislature not intended plaintiffs to satisfy the ten-years-from-delivery rule in this first clause of Section 33–1–1.5–5, there would be no need to create the exception in the second clause which resolves the inherent conflict between the two-year and ten-year rules. 418 N.E.2d at 211. The court also observed that legal commentators examining the legislative history behind Section 33–1–1.5–5 reached the same conclusion. 418 N.E.2d at 211 (quoting Vargo & Leibman, *Survey of Recent Developments in Products Liability*, 12 Ind. L.Rev. 227, 249 (1979)).

But whatever ambiguity exists as to the interpretation of the first clause of Section 33–1–1.5–5, resolved by the Indiana Supreme Court in *Dague,* is not critical to the issue before us. What is critical is the question presented by the second clause, *viz.,* whether the Unibestos was delivered between eight and ten years before the alleged exposure at the Paradise plant. Defendant's allegation that no such product was delivered to any of plaintiff's jobsites after October 1, 1970, even if taken as true, does not account for the full eight to ten years before the alleged Paradise plant exposure, *i.e.,* from some point in 1969 to 1971. To be exact, accepting plaintiff's allegation of exposure as true for purposes of summary judgment, plaintiff's claim at the Paradise plant may have accrued as early as February 12, 1979, or as late as June 12, 1979. Therefore defendant must establish that no deliveries were made between February 12, 1969, and June 12, 1971. However, defendant's motion for summary judgment and the Buckley affidavit allege only that no deliveries were made after October 1, 1970, leaving entirely unaccounted for the period between February 12, 1969, and September 30, 1970.

It is undisputed that defendant manufactured Unibestos between February 12, 1969, and September 30, 1970. What is disputed and remains a genuine issue of material fact is whether defendant sold or delivered Unibestos to the Paradise plant or to the Tennessee Valley Authority (which used the Unibestos at the Paradise plant while plaintiff was employed at the plant) between February 12, 1969, and September 30, 1970. Applying the principle of *expressio unius est exclusio alterius* to defendant's motion for summary judgment, one might infer that defendant implicitly concedes selling Unibestos for use at the Paradise plant prior to October 1, 1970, but the far more sensible approach is to allow further factual determinations of this issue on remand.

Defendant agreed on oral argument that the above-stated analysis of the second clause found in Section 33–1–1.5–5 is correct. Based on defendant's attempt at the summary judgment stage to establish simply that no delivery was made after October 1, 1970, which is slightly more than ten years prior to the commencement of this action, defendant (along with the district court) seemingly overlooked the plain language of the second clause of Section 33–1–1.5–5, which if applicable affords plaintiffs somewhere between *ten* and *twelve* years after delivery, as long as the two-years-from-accrual rule is satisfied. With admirable candor defendant also concedes that, for purposes of summary judgment and this appeal, plaintiff may very well have been exposed to PCC's Unibestos insulation at the Paradise plant in 1979, and that the exposure at that time may have caused injury to plaintiff. Defendant contends, however, that any alleged injury arising from the 1979 exposure is irrelevant for purposes of appeal because, in defendant's view, the argument was not made before the district court and therefore cannot be raised on appeal. Specifically, defendant emphasizes that plaintiff did not file an affidavit in his response to defendant's motion for summary judgment stating that he was injured by Unibestos at the Paradise plant in 1979. Plaintiff counters that the issue was sufficiently raised and not waived in plaintiff's response.

### III

It is well-settled that an issue not presented in the court below cannot be raised for the first time on appeal and form a basis for reversal. *E.g., Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826; *Country Fairways, Inc. v. Mottaz,* 539 F.2d 637, 642 (7th Cir. 1976). Enforcement of this rule provides a salutary incentive for litigants to develop their case fully before the trial court which has special fact-finding competence. The rule also encourages repose and deters unfair surprise on appeal as to parties which had no opportunity to introduce evidence. *Hormel v. Helvering,* 312 U.S. 552, 556, 61 S.Ct. 719, 721, 85 L.Ed. 1037. The party will not be deemed to have waived the new issue, however, where jurisdictional ques-

tions are presented, *Stern v. United States Gypsum, Inc.*, 547 F.2d 1329 (7th Cir.1977), certiorari denied, 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467, or where the obvious result "would be a plain miscarriage of justice," *Hormel v, Helvering*, 312 U.S. 552, 558, 61 S.Ct. 719, 722, 85 L.Ed. 1037.

Upon review of plaintiff's response to defendant's motion for summary judgment it cannot be said that plaintiff wholly neglected the issue of liability stemming from exposure in 1979 at the Paradise plant, but plaintiff's response is less than paradigmatic. Thus the question becomes one of sufficiency, *i.e.*, whether in light of the policies behind the rule of waiver plaintiff sufficiently raised the issue below so that waiver should not apply. See *Swain v. Brinegar*, 542 F.2d 364, 368 (7th Cir.1976); *United States For Use & Benefit of H & S Industries, Inc. v. Rich Co.*, 525 F.2d 760, 767 (7th Cir.1975).

■ We hold that plaintiff sufficiently raised in his response to defendant's motion for summary judgment the issue of exposure at the Paradise plant. Plaintiff's response explicitly states that "[p]laintiff has shown exposure to Defendant Pittsburgh Corning's asbestos containing products in Illinois and *Kentucky*" (emphasis added) (Plaintiff's Response to Defendant's Motion For Summary Judgment, p. 1). The only Kentucky jobsite at issue with respect to defendant is the Paradise steam plant, in Paradise, Kentucky. Plaintiff's work history, a notarized exhibit to the second amended complaint, details plaintiff's alleged exposure to, *inter alia*, Unibestos at the "powerhouse" in Paradise, Kentucky during 1979 (Work History, *supra*, pp. 38–40). Also included in the work history are the names of employers, here, the Tennessee

Valley Authority, employers' addresses, and a description of the work activity, here, "rip out [and] replace asbestos cloth, pipe, boiler, vessel, [and] valve powerhouse." *Id.* Plaintiff's response to defendant's motion for summary judgment includes as an exhibit those pages of the work history which address plaintiff's alleged exposure to defendant's product, and the response specifically refers to page 40, wherein Unibestos is listed as a substance plaintiff was exposed to at the Paradise plant in 1979. In addition, plaintiff in his deposition [5] taken throughout November 1981, testified that he was employed by the Tennessee Valley Authority at its Paradise, Kentucky plant in 1979 (Yorger Dep., vol. II, p. 219), that he worked there from approximately February 12, 1979, through June 12, 1979 (*id.*, vol. III, p. 516), and that he specifically recalls using Unibestos sectional pipe insulation there (*id.*, vol. V, p. 732). Based upon these references to plaintiff's alleged exposure at the Paradise plant in 1979, we accept plaintiff's argument that there exists a genuine issue of material fact in light of this exposure that is not waived on appeal.

Addressing the waiver question in the context of a motion for summary judgment, defendant asserts that because plaintiff did not file an opposing affidavit to the effect that plaintiff was exposed to defendant's product in 1979, plaintiff did not meet his burden to establish a genuine issue of material fact. Further discussion either in plaintiff's response to defendant's motion or in an attached affidavit regarding the alleged Paradise plant exposure and its import in this case would have assisted the district court in ruling upon defendant's summary judgment motion. But we can-

---

5. Fed.R.Civ.P. 56(c) authorizes the district court in reviewing a summary judgment motion to consider "the pleadings, *depositions*, answers to interrogatories, and admissions on file, together with the affidavits, if any * * *" (emphasis added). See, *e.g., First National Bank Co. of Clinton, Illinois v. Insurance Co. of North America*, 606 F.2d 760, 766 (7th Cir.1979) ("When called upon to decide whether there is any genuine issue of material fact to be resolved, a district judge in a federal summary judgment proceeding is authorized to consider materials beyond the pleadings, particularly depositions."); *Oberman v. Dun & Bradstreet, Inc.*, 460 F.2d 1381, 1385 (7th Cir.1972) (deposition testimony raising genuine issue of material fact). Of course it would have been preferable for plaintiff's response to cite specifically the relevant pages of Yorger's voluminous deposition, just as his response cites the relevant pages of his work history.

not accept as an absolute requirement that a party opposing a motion for summary judgment must file an affidavit in order to preserve issues adequately mentioned in the response and elsewhere. Moreover, defendant's argument ignores the fundamental rule that the burdens of establishing the absence of a genuine issue of material fact and the entitlement to judgment as a matter of law are on the movant. The nonmovant may not, of course, "rest upon the mere allegations or denials of his pleadings," Fed.R.Civ.P. 56(c), but rather must respond. Including an affidavit along with the response, however, is not an absolute requirement to oppose a summary judgment motion, particularly where summary judgment is improper. The Supreme Court decided this issue in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142, wherein it held that "[w]here the evidentiary matter in support of the motion [for summary judgment] does not establish the absence of a genuine issue, summary judgment must be denied *even if no opposing evidentiary matter is presented.*" 398 U.S. at 160, 90 S.Ct. at 1609–1610 (footnote omitted, emphasis in original) (quoting Advisory Committee Note on 1963 Amendment to Fed.R.Civ.P. 56(e)). The Court further observed that:

It has always ·been perilous for the opposing party neither to proffer any countering evidentiary materials nor file a 56(f) affidavit. And the peril rightly continues [after the amendment to Rule 56(e) ]. Yet the party moving for summary judgment has the burden to show that he is entitled to judgment under established principles; and if he does not discharge that burden then he is not entitled to judgment. No defense to an insufficient showing is required. 6 J. Moore, Federal Practice ¶ 56.22[2], pp. 2824–2825 (2d ed. 1966) [amended 1982].

*Adickes v. S.H. Kress & Co.*, 398 U.S. at 161, 90 S.Ct. at 1610. Accord, *Smith v. Hudson*, 600 F.2d 60, 64–65 (6th Cir.1979); *Island Equipment Land Co. v. Guam Economic Development Authority*, 474 F.2d 753, 755–756 (9th Cir.1973).

In this case defendant did not discharge its burden of showing that no genuine issue of material fact exists in regard to plaintiff's alleged exposure in 1979 at the Paradise plant; therefore plaintiff should not be penalized for failure to attach an affidavit to his response.[6] Moreover, any obligation upon plaintiff to file an affidavit in response to defendant's affidavit may be deemed minimal in light of the fact that the Buckley affidavit is simply a bare allegation of a complex factual matter and to some extent contradicts defendant's answers to plaintiff's interrogatories.[7]

---

6. Plaintiff is represented in this appeal by counsel different than that in the district court, appellate counsel coming into this case around March 1982.

7. The Buckley affidavit does not provide any documentation; it simply provides the bald assertion that no deliveries were made after October 1, 1970, "[b]ased upon a review of all available records of [PCC]" (Defendant's Mem. In Support of Summary Judgment, App. A, p. 1). Especially dubious is the immediately following assertion that no PCC Unibestos was used at the particular jobsites where plaintiff worked. Defendant does not anywhere argue or establish that PCC invariably delivers its product to a customer's particular jobsite rather than simply selling it to the employer who uses the material at its own discretion. The basis, if any, for defendant's knowledge of the employers' use of Unibestos at various jobsites is completely undisclosed.

The Buckley affidavit also conflicts with PCC's answer to plaintiff's interrogatories, also prepar-

ed by Buckley, further impugning the affidavit's credibility. In the answer, defendant lists the periods during which PCC sold asbestos-containing insulation materials to certain companies employing plaintiff:

AC & S: 10/64–12/64 and 1/65–3/65
Johns-Manville 7/64–6/65
Fargo Insulation Co. 1/69–6/70
Aber Company 4/65–6/65
North Brothers 10/65–12/66
Insulation Services, Inc. 7/70–12/70
Brand Insulation 4/71–12/71

(Defendant's Answers to Interrogatories, Interrog. 1). Yet the Buckley affidavit states that no Unibestos was delivered to, *inter alia,* Insulation Services, Inc. and Brand Insulation for use at the jobsites after October 1970. Plaintiff was employed by Brand Insulation at the Newport ammunition plant, Newport, Indiana, during various periods from April 1971 to September 1974, and by Insulation Services, Inc. at the Indiana State Powerhouse during various periods from July 1970 to June 1974 (Work History,

Though defendant does not press the issue, plaintiff's oversight below is not so much in failing to raise the fact that he was exposed to defendant's asbestos at the Paradise plant in 1979, but more accurately is a failure to field and accurately respond to defendant's legal interpretation of Ind. Code § 33–1–1.5–5 (1978). Plaintiff's response alleges exposure to Unibestos at various jobsites, incorporates the work history data, and directly attacks the Buckley affidavit and its seeming lack of substantiation, but the response does not endeavor to address defendant's ill-guided analysis of Section 33–1–1.5–5. Had plaintiff mentioned in his response to defendant's motion for summary judgment that "the injury arising from my 1979 exposure is not barred by the statute since the exposure may have been more than eight but less than ten years after delivery," there would be no waiver issue at all. Though the making of such a statement might have assisted the district court in its ruling upon summary judgment, plaintiff should not be penalized for failure to make such a statement. As defendant has implicitly recognized by failing to press the issue, it would be a distortion of justice for a moving party to prevail on appellate review of a summary judgment in favor of the movant on the ground that, notwithstanding the movant's failure to satisfy its burden of showing the non-existence of genuine issues of material fact, the non-movant did not in the court below dissect the movant's incorrect affirmative defense. In addition, the issue of the legal interpretation of Ind.Code § 33–1–1.5–5 (1978), particularly the second clause, is not a new issue on appeal since it was raised below by defendant. Further,

even if plaintiff's district court counsel can be faulted for not addressing and correctly interpreting Section 33–1–1.5–5, this oversight should not bar plaintiff's action since plaintiff's response sufficiently established a triable issue of material fact with respect to plaintiff's exposure to Unibestos in 1979. Therefore summary judgment in favor of defendant was improper. See *Smith v. Hudson, supra; Island Equipment Land Co. v. Guam Economic Development Authority, supra; Drexel v. Union Prescription Centers, Inc.,* 582 F.2d 781, 789–790 (3d Cir.1978). Moreover, the correct interpretation of Ind.Code § 33–1–1.5–5 is not in dispute on appeal. It is essentially a legal issue that has been fully briefed and argued here, and there is no indication that plaintiff employed any hold-back technique with respect to defendant's defective statutory legal argument in the district court. Cf. *Higginbotham v. Ford Motor Co.,* 540 F.2d 762, 767–768 (5th Cir.1976).

Finally, we recognize that the present extent of plaintiff's alleged disease may be attributable in part or more than in part to Unibestos exposures prior to the Paradise plant exposure, which plaintiff concedes are time-barred. This circumstance does not act to bar plaintiff's claim which is based upon the Paradise plant exposure, however, since (1) defendant has not heretofore established that plaintiff's alleged disease is not at least in part attributable to the Paradise plant exposure, (2) recovery in latent injury tort actions generally encompasses continuing manifestations of the injury as well as the present status of the disease, and (3) in this case the alleged injury from the prior Unibestos exposures

*supra,* p. 33). The Buckley affidavit mentions the jobsites at which plaintiff was employed regarding Insulation Services, Inc. and Brand Insulation, but again in no way substantiates the claim that PCC's insulation sold during the periods admitted in the interrogatory answer never found its way to these jobsites prior to or at the time plaintiff was employed at these sites.

The dubious sufficiency of the affidavit might raise issues of fact regarding alleged exposures prior to the Paradise plant exposure in 1979, but by virtue of Indiana statutes of limitations these issues are not material for purposes of this

appeal. According to plaintiff's work history, the only alleged exposure to Unibestos after June 1, 1978, the enactment date of Section 33–1–1.5–5, is the Paradise plant exposure. The others all occurred prior to June 1, 1978, therefore Ind.Code § 34–1–2–2 (1976) governs. See Ind.Code § 33–1–1.5–8(b) (1978). Section 34–1–2–2 applies only the two-years-from-accrual rule, and plaintiff's commencement of the action on October 24, 1980, is more than two years after any possible exposures prior to June 1, 1978.

was incurred by virtue of exposure to the same type of harm-causing agent manufactured by the same defendant. Our ruling applies only to the disposition of summary judgment and we intimate no opinion regarding the impact of this issue upon damage determinations (if any) on remand, deferring to the fact-finding competence of the trial court.

Accordingly, the judgment in favor of defendant is vacated and the case remanded to the district court for further proceedings not inconsistent with this opinion.