David ORRELL, Plaintiff,

v.

AMERICAN HOIST & DERRICK CO., and Holekamp Equipment Co., and Dana Corporation d/b/a Formsprag Company d/b/a Formsprag-Warren, Defendants,

and

AMERICAN HOIST & DERRICK CO., Third-Party Plaintiff,

v.

HOEFFKEN BROTHERS, INC., Third-Party Defendant.

Civ. No. 82–3227.

United States District Court, S.D. Illinois, East St. Louis Division.

Feb. 8, 1985.

Dennis W. Shevlin, Cook, Shevlin, Keefe & Chatham, Ltd. Belleville, Ill., for plaintiff.

Howard Boman, John W. Leskera, Dunham, Boman & Leskera, East St. Louis, Ill., for American Hoist & Derrick.

Harold A. Donovan, Clark D. Smith, Donovan, Hatch & Constance, P.C., Belleville, Ill., for Hoeffken Bros., Inc.

Donald J. Dahlmann, Walker & Williams, Belleville, Ill., for Holekamp Equipment Co.

Robert W. Schmieder, Wagner, Bertrand, Bauman & Schmieder, Belleville, Ill., for Dana Corp.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

Before the Court is defendant Dana Corporation d/b/a Formsprag Company's (Dana) Motion for Summary Judgment (Document No. 90). Plaintiff brings this action for damages sustained from an injury incurred while working on a platform attached to the end of a crane manufactured by American Hoist & Derrick Co., distributed by Holekamp Equipment Co., and sold to Hoeffken Brothers, Inc., the plaintiff's employer. Dana was the manufacturer of a component part of the crane in question. The plaintiff's third amended complaint is based on theories of strict product liability, negligence, and warranty.

Counts 7, 8, 9, and 10 of the third amended complaint are directed at Dana. On March 5, 1984, Dana moved to dismiss Counts 7, 9, and 10 on the theories that Count 7, sounding in strict liability, was barred by the statute of limitations, and that Counts 9 and 10 were improper under warranty theories. On July 16, 1984, this Court dismissed Count 9, but refused to dismiss Counts 7 or 10. Dana now moves for summary judgment as to all remaining counts or in the alternative as to Count 7.

■ Summary judgment is appropriate only where the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. The party moving for summary judgment has the burden of establishing the lack of a genuine issue of material fact. *Korf v. Ball State University*, 726 F.2d 1222, 1226 (7th Cir.1984). The Court must view the evidence, and the reasonable inferences to be drawn therefrom, in the light most favorable to the party opposing summary judgment. Where the moving party fails to meet its strict burden of proof, summary

judgment cannot be entered even if the opposing party fails to respond to the motion. *Yorger v. Pittsburgh Corning Corp.*, 733 F.2d 1215 (7th Cir.1984).

■ Where the moving party has met its initial burden and the opposing party asserts the existence of a question of fact, the Seventh Circuit has identified two considerations to be used in determining whether the non-moving party has established that there is a genuine issue as to that fact.

To create a question of fact, an adverse party responding to a properly made and supported summary judgment motion must set forth specific facts showing that there is a genuine issue for trial .... A party may not rest on mere allegations or denials of his pleadings; similarly, a bare contention that an issue of fact exists is insufficient to raise a factual issue.

*Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, — U.S. —, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). Furthermore, the disputed fact must be material, that is, it must be outcome-determinative under the applicable law. *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.) (en banc), *cert. denied*, — U.S. —, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983).

Dana raises a number of points in its motion for summary judgment. First, it argues that Count 7 of the third amended complaint is barred by the twelve or ten year cap on a product liability action expressed in Ill.Rev.Stat.Ann. ch. 110, § 13–213 (Smith-Hurd 1984). Section 13–213(b) provides:

Subject to the provisions of subsections (c) and (d) no product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff,

unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period.

Both parties agree that this action was not commenced within 12 years from the first sale to Holekamp or 10 years from the sale to Hoeffken Brothers. Plaintiff contends now, as he did in response to Dana's earlier motion to dismiss, that subsection (c) of § 13–213 tolls the above caps. Subsection c states:

No product liability action based on the doctrine of strict liability in tort to recover for injury or damage claimed to have resulted from an alteration, modification or change of the product unit subsequent to the date of first sale, lease or delivery of possession of the product unit to its initial user, consumer or other non-seller shall be limited or barred by subsection (b) hereof, if

(1) the action is brought against a seller making, authorizing, or furnishing materials for, the accomplishment of such alteration, modification or change (or against a seller furnishing specifications or instructions for the accomplishment of such alteration, modification or change when the injury is claimed to have resulted from failure to provide adequate specifications or instructions), and

(2) the action commenced within the applicable limitation period and, in any event, within 10 years from the date such alteration, modification or change was made, unless defendant expressly has warranted or promised the product for a longer period and the action is brought within that period, and

(3) when the injury or damage is claimed to have resulted from an alteration, modification or change of a product unit, there is proof that such alteration, modification or change had the effect of introducing into the use of the product unit, by reason of defective materials or workmanship, a hazard not existing prior to such alteration, modification or change.

Subsection (a) defines alteration, modification or change as an "alteration, modification or change that was made in the original makeup characteristics, function or design of a product or in the original recommendations, instructions and warnings given with respect to a product including the failure properly to maintain and care for a product." Plaintiff argued, and still argues, that such a modification, alteration, or change occurred in 1977 when Dana changed the recommendations with regard to the proper oil mix for the boom sprag. Both parties agree that this is the only alteration or modification relevant to this inquiry. Based on these assertions the Court denied Dana's earlier motion to dismiss Count 7. Dana now argues and supports with proper affidavits, that the injury or damage could not have resulted from the recommendations or instructions since the new recommendations were designed to improve the performance of the clutch at low temperatures.

■ The Court agrees. The original maintenance instructions listed the proper type of oil to be used for lubrication in the clutch assembly. The 1977 revised instructions recommended that the prescribed oils be cut with kerosene so that a 75 percent oil and 25 percent kerosene mixture be employed as the lubricant. Ted Zlotek, Chief Engineer for Dana, stated that the new mixture was recommended to avoid slippage of the crane when it operated in 15 degrees Fahrenheit and below temperatures. (Affidavit of Ted Zlotek at page 1). This fact has been confirmed by Art Woods from American Hoist. (Art Woods' Deposition, page 100). Dana further presents documents to indicate that the temperature on the date in question, was above fifteen degrees. The plaintiff does not contest these facts. Based on these facts, the Court does not see how the accident could have been a result of the new recommendations for the lubrication mix. Every fact indicates that the change was recommended to *improve* the performance of the clutch at low temperatures. To avoid the time limitations by reason of § 13–213(c), the plaintiff must allege and show that a

material fact exists as to whether his injury resulted from the alteration, modification, or change. When the alleged alteration, modification, or change was a change in the original recommendation or instructions for use, as here, the plaintiff must demonstrate that the new recommendations or instructions were faulty in such a way so as to "introduce into the product a hazard" not existing prior to the change. Here the plaintiff has failed to do so. Therefore, the Court finds that there exists no issue material fact, and that the defendant Dana is entitled to judgment as a matter of law as to Count 7 of the third amended complaint.

Count 8 of the third amended complaint alleges that Dana

(a) Negligently and carelessly failed to warn of the danger of varnish and sludge being allowed to build up on the sprag when they knew or in the exercise of due care should have known that such presented a hazard to plaintiff;

(b) Negligently and carelessly failed to warn of the need to change sprag oil, when they knew or in the exercise of due care should have known that such presented a hazard to plaintiff;

(c) Negligently and carelessly failed to warn of the need for regular maintenance to the boom sprag when they knew or in the exercise of due care should have known that such presented a hazard to plaintiff;

(d) Negligently and carelessly failed to warn of the need to check the safety dog when they knew or in the exercise of due care should have known that such presented a hazard to plaintiff;

(e) Negligently and carelessly failed to advise of the proper installation of the boom sprag when they knew or in the exercise of due care should have known that such presented a hazard to plaintiff;

(f) Negligently and carelessly failed to advise of the proper installation of the safety dog when they knew or in the exercise of due care should have known that such presented a hazard to plaintiff; and

(g) Negligently and carelessly failed to provide adequate safety warnings when they knew or in the exercise of due care should have known that such presented a hazard to plaintiff.

Dana asserts that no material issues of fact exist as to paragraphs (a), (b), (c), and (g) because warnings were given by Dana and American Hoist through service manuals, bulletins, and the decal riveted onto the oil reservoir. However, Dana does not support this assertion with any evidence or affidavits. Without such evidence, the Court cannot say that there exists no issue of material fact as to paragraphs (a), (b), (c), or (g). Similarly, without some supporting evidence the Court cannot say that there exists no issue of material fact as to paragraph (e).

Finally, as to paragraphs (d) and (f), Dana asserts that no issue of material fact exists since the "safety dog" was manufactured by Dana. However, the deposition presented to support this assertion does not indicate this fact. Therefore, an issue of material fact exists as to these paragraphs. Dana presents no other reason why summary judgment as to Count 8 or Count 10 should be granted.

Accordingly, Dana's motion for summary judgment (Document No. 90) is GRANTED IN PART and DENIED IN PART. Count 7 of the third amended complaint is hereby DISMISSED and said Motion is DENIED in all other respects.

IT IS SO ORDERED.