MR. JUSTICE GULBRANDSON,
dissenting.
Although I agree with most of the statements in the majority opinion regarding the use of Rule 56(c), M.R.Civ.P., I do not concur with the holding that, unless the right to a hearing on a Rule 56 motion *420 has been specifically waived, either the movant or the adverse parties are entitled to a hearing.
In view of the long history of conforming the Montana Rules of Civil Procedure to the Federal Rules, both in enactment and in interpretation, I would look to the Federal practice and authorities for guidance in interpreting the interplay between Rule 2, M.U.D.C.R. and Rule 56(c), M.R.Civ.P.
Rule 2, M.U.D.C.R., for all practical purposes, has the same procedural effect as Rule 220-1 of the Rules of Procedure for the District of Montana. Rule 220-1 has been construed by the Federal Judges for the District of.Montana as not being inconsistent with Rule 56(c), F.R.Civ.P., and I would construe Rule 2, M.U.D.C.R., in the same manner.
Rule 2, M.U.D.C.R. , does not distinguish between the types of motions to which it applies, does not conflict with the provisions for the filing of affidavits, but does set a briefing schedule applicable to all motions and refers to time enlargement by the court.
In addressing concern whether a hearing is automatically triggered by the filing of a motion for summary judgment, the Ninth Circuit Court of Appeals in Dredge Corp. v. Penny, supra, held that “a district court may not, by rule or otherwise, preclude a party from requesting oral argument, nor deny such a request when made by a party opposing the motion unless the motion for summary judgment is denied” and further held that district courts may provide by rule that a party desiring oral argument must request the same or be deemed to have waived it. Although the Ninth Circuit Court prefers that oral argument be afforded on non-frivolous motions for summary judgment, Demarest v. United States (9th Cir. 1983), 718 F.2d 964, a Federal District Court’s failure to grant such hearing does not constitute error in the absence of prejudice. Fernhoff v. Tahoe Regional Planning Agency (9th Cir. 1986), 803 F.2d 979.
In my view, the presiding District Judge properly recognized that under Rule 56, the opposing party is not required to file an affidavit in opposition, or other material, and is still entitled to a denial of the motion for summary judgment where the materials on file are insufficient on their face or said materials demonstrate the existence of a genuine issue as to any material fact. Hamilton v. Keystone Tankship Corp. (9th Cir. 1976), 539 F.2d 684.
In my view, the District Judge did not apply Rule 2, M.U.D.C.R., and his local rule regarding oral argument, in a manner inconsistent with Rule 56, M.R.Civ.P.
*421 The order appealed from states:
“This matter is before the Court on motions for summary judgment by several Defendants. The Defendants have all submitted briefs and supporting affidavits: Plaintiffs have wholly failed to respond or to request an extension of time in which to answer. Thus, pursuant to Rule 2, M.U.D.C.R., Plaintiffs are deemed to have admitted that the motions are well taken. The Court, having reviewed the record and the applicable law in a light most favorable to Plaintiffs (in the absence of their objection), now makes the following:” and thereafter is set forth detailed findings, perhaps not usual in summary judgment proceedings, but indicative of the thoroughness with which the District Judge considered all the material on file.
The findings as to defendants Omis Short and Tami Welch include the following:
“12. The Plaintiffs have raised no questions of material fact concerning their allegations against these Defendants.”
In addition, the District Judge, in ruling on plaintiff’s motion to set aside Findings, Conclusions, and Order, stated:
“Aside from Plaintiff’s tacit admission that the motions were well taken, the file, depositions, and Defendants’ motions for summary judgment failed to disclose any issues of material fact by which Plaintiff could sustain her cause of action.”
In view of the fact that plaintiff’s counsel made no response, for a period of two months, to the motion for summary judgment, I would affirm.