**DISTRICT 12, UNITED MINE WORKERS OF AMERICA, et al., Plaintiffs,**

v.

**PEABODY COAL COMPANY, Defendant.**

Civ. No. 83–4019.

United States District Court, S.D. Illinois, Benton Division.

Feb. 1, 1985.

Barbara C. Gumbel, Edwardsville, Ill., for plaintiffs.

Harold I. Elbert and Charles S. Elbert, Patrick M. Sanders, St. Louis, Mo., John M. Ferguson, Belleville, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge:

This case is now before the Court on the cross-motions for summary judgment (Document No. 7 and 16). Plaintiffs brought this action pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to enforce a prior arbitration award dated October 30, 1974, rendered by arbitrator Fisher, which held that Peabody Coal Company (Peabody) did not violate the collective bargaining agreement by abolishing the exclusively first shift job of belt repairmen but that Peabody did not have the right to assign the grievants (former first shift belt repairmen) to a rotating shift against their wills.

The plaintiffs herein allege that Peabody, pursuant to a reduction and realignment of its work force has violated the 1974 award by assigning them to rotating shifts every two weeks.

The defendant argues that whether or not the 1974 award is binding in this context is a matter for arbitration and not for this Court to decide. On the other hand, the plaintiffs argue that since the present action concerns matters identical both as to parties and issues as the 1974 award, this Court should enforce the 1974 award without requiring the plaintiffs to again submit to arbitration.

■ Summary judgment is appropriate only where the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56. The party moving for summary judgment has the burden of establishing the lack of a genuine issue of material fact. *Korf v. Ball State University*, 726 F.2d 1222, 1226 (7th Cir.1984). The Court must view the evidence, and the reasonable inferences to be drawn therefrom, in the light most favorable to the party opposing summary judgment. Where the moving party fails to meet its strict burden of proof, summary judgment cannot be entered even if the opposing party fails to respond to the motion. *Yorger v. Pittsburg Corning Corp.*, 733 F.2d 1215 (7th Cir.1984).

■ Where the moving party has met its initial burden and the opposing party asserts the existence of a question of fact, the Seventh Circuit has identified two considerations to be used in determining whether the non-moving party has established that there is a genuine issue as to that fact.

To create a question of fact, an adverse party responding to a properly made and supported summary judgment motion must set forth specific facts showing that there is a genuine issue for trial.... A party may not rest on mere allegations or denials of his pleadings; similarly, a bare contention that an issue of fact exists is insufficient to raise a factual issue.

*Posey v. Skyline Corp.* 702 F.2d 102, 105 (7th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). Furthermore, the disputed fact must be material, that is, it must be outcome-determinative under the applicable law. *Egger v. Phillips,* 710 F.2d 292, 296 (7th Cir.) (en banc), *cert. denied,* —— U.S. ——, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983).

█ The fact that both parties argue for summary judgment does not indicate that there is no genuine issues of material fact. Wright, Miller and Kane, Federal Practice and Procedure: Civil 21 § 2720. The Court must rule on each motion separately, determining as to each motion whether a judgment may be entered in accordance with the above principles. *Id.*

█ Applying these principles to the case at hand, the Court finds that the defendant's motion for summary judgment should be granted and that the plaintiff's motion for summary judgment should be denied.

Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, authorizes a union as party to, and employees as beneficiaries of, a collective bargaining agreement to bring an action in federal court to enforce an arbitration award made pursuant to the provisions of the collective bargaining agreement. *See United Steel Workers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). However, courts have refused to enforce blindly prior arbitration awards when an allegation has been made that the facts surrounding the present grievance are different from those covered under the prior award. Where there exists a clear difference between the current facts and those giving rise to the prior arbitration award, the courts have uniformly refused to enforce the prior award, directing the parties to submit the matter to arbitration.

Currently, there is a split in the circuits as to just how much factual identity is required before a court will enforce the prior award. The Fifth Circuit has held that if there exists "material factual identi-ty" the prior award must be enforced. *Oil, Chemical and Atomic Workers International Union v. Ethyl Corporation,* 644 F.2d 1044 (5th Cir.1981). The *Ethyl* court added that "material factual identity" exists when "there is no difference between the current facts and those giving rise to the prior arbitration award which, when analyzed in light of the mandates of the collective bargaining agreement, would justify an arbitrator's reaching a different conclusion in each of the two cases." 644 F.2d at 1055.

On the other hand, the Third Circuit has held that in order to enforce the prior award the district court:

> must be able to say "with positive assurance" that the award or settlement was intended to cover the dispute. If the Court has any doubt, the parties should be returned to their grievance procedure and arbitration, for it is an arbitrator, and not the Court, who is to decide whether the same issue has already been resolved in an earlier proceeding.

*United Mine Workers, District 5 v. Consolidated Coal Co.,* 666 F.2d 806, 811 (3d Cir.1981) (footnote and citation omitted).

Other circuits have gone even further than *Consolidated Coal.* The Fourth Circuit has stated that "[w]hether [a prior award] can be given an effect akin to res judicata or stare decisis with regard to future disputes ... neither the district court nor this Court should decide. If the parties do not agree, that issue itself is a proper subject for arbitration." *Little Six Corp. v. United Mine Workers of America Local 8332,* 701 F.2d 26, 29 (4th Cir.1983) (ironically quoting the pre-*Ethyl* Fifth Circuit case of *New Orleans S.S. Ass'n. v. General Longshore Workers,* 626 F.2d 455, 468 (5th Cir.1980), *aff'd sub nom. Jacksonville Bulk Terminal, Inc. v. Longshoremen's Ass'n.,* 457 U.S. 702, 102 S.Ct. 2673, 73 L.Ed.2d 327 (1982)). The First and Eleventh Circuits have endorsed this position. See *Boston Shipping Ass'n v. Int'l Longshoremen's Ass'n,* 659 F.2d 1 (1st Cir. 1981); *Intern. Broth. of Elec. Workers v.*

*United Tel. Co.,* 738 F.2d 1564 (11th Cir. 1984).

Obviously, the plaintiffs urge this Court to adopt the Fifth Circuit approach and hold that there exists material factual identity between the facts giving rise to 1974 award and the current facts to justify enforcing the 1974 award. The Court refuses to do so. The Court agrees with the Third Circuit that unless the Court can say with positive assurance that the prior award was intended to cover this dispute, it must return the matter to arbitration. *See Consolidated Coal,* 666 F.2d at 811. By the same token, the Court does not deem it necessary to go as far as the First, Fourth, and Eleventh Circuits in saying that mere disagreement between the parties as to the effect of the prior award justifies the submission to arbitration. Clearly, if the parties agreed as to the effect there would be no need for an enforcement proceeding such as this one.

With regard to the facts at hand, the Court cannot say with positive assurance that the 1974 arbitration award was intended to cover the present dispute. Almost nine years had passed from the time of the 1974 award to the filing of this lawsuit. In that period three new collective bargaining agreements were negotiated. The agreement in effect when the 1974 award was rendered never mentioned a realignment of the work force procedure. The 1981 agreement contains a detailed provision on realignment of the work force. Further, in other arbitration matters, the arbitrator Sabella refused to follow the 1974 Fisher award because unlike the 1971 agreement under which the Fisher award was decided, the 1981 agreement has detailed provisions for realignment. All of these facts are undisputed by the plaintiffs. Given these facts, the Court cannot say with positive assurance that the 1974 award was intended to cover the present dispute, nor can the Court say that the present facts are materially identical to the facts addressed in the 1974 award so as to meet the requirements of the Fifth Circuit's test had this Court adopted it.

Accordingly, finding that there exists no issue of material fact and that the defendant is entitled to judgment as a matter of law, the Court GRANTS the defendant's Motion for Summary Judgment (Document No. 7) and DENIES the plaintiffs' Motion for Summary Judgment (Document No. 16). The Court has duly considered all other arguments and finds them to be without merit. The Clerk is ordered to enter judgment in favor of the defendant and against the plaintiffs.

IT IS SO ORDERED.