**UNITED STATES of America, Plaintiff,**

v.

**Mary ARROWOOD, Defendant.**

No. 88–C–925.

United States District Court,
E.D. Wisconsin.

May 22, 1989.

Stephen A. Ingraham, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff.

Victor E. Plantinga, Charlton Law Firm, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

WARREN, Chief Judge.

This case concerns a default on a guaranteed loan for the purchase of a mobile home. The action was brought by the United States to recover monies paid to the First Financial Savings Association of Wisconsin ("First Financial") due to the default of a federally guaranteed mortgage loan at one time held by the defendant. Presently pending before the Court is the government's motion for summary judgment on the defendant's personal liability on the loan.

## BACKGROUND

On April 27, 1979, James R. Spurgeon, a veteran, bought a mobile home under a

Veterans Administration guaranteed loan. The mobile home was to be located at Antigo, Wisconsin.

On August 16, 1980, Spurgeon allowed the defendant, Mary Arrowood (then Mary Meidl) to assume the VA loan. The defendant's loan assumption is executed on a standard VA application document (VA document No. 26–6382). Section 2 of the document states:

It is further understood that the release of the seller from liability to the Government or substitution of entitlement is conditioned upon my assuming all of the liabilities and obligations of the above seller arising out of the loan. This includes the liability of the seller to reimburse the Veterans Administration for any amount it may hereafter require to pay or for any loss it suffers as a result of the ... guaranty ... of the seller's loan.

The defendant signed her name ("Mary L. Meidl") on this document on August 16, 1980, evidencing the fact that she had read and understood the certification contained in Section 2. Also on that date, Spurgeon, the original mortagagor, applied for a release of liability under the VA guaranty by executing the standard VA document (VA document No. 26–6381).

On September 27, 1980, Spurgeon was released by the VA from all liability under the VA guaranty for the mobile home, and the defendant (then Mary L. Meidl) agreed to "indemnify the Veterans Administration to the extent of any claim payment arising from the guaranty or insurance of the Debt by the Veterans Administration Loan Guaranty Program." *See* Government Exhibit 4 ("Agreement Creating Liability To Holder And United States").

On July 9, 1983, the defendant allowed Laura Slechta to assume the loan on the mobile home, then located in Aniwa, Wisconsin. The note was held by First Financial. The defendant did not apply for a release of liability under the VA loan guaranty at the time she allowed the loan to be assumed by Slechta. Due to this omission, the defendant remained liable to the VA for the loan guaranty of the mobile home

by the explicit terms of the documents she signed on August 16, 1980 and September 27, 1980.

On July 1, 1984, Slechta defaulted under the terms of the loan she assumed from the defendant. On August 23, 1984, the holder of the note, First Financial, repossessed the mobile home under a "Notice of Surrender of Collateral" agreement with Slechta. On September 18, 1984, the VA was initially notified by First Financial of Slechta's default on the mobile home loan.

On October 30, 1984, the VA notified the defendant, through a letter sent in care of her brother, Mr. Ronnie Meidl (also referred to as "Rodney" Meidl in the pleadings), at Antigo, Wisconsin, that First Financial had repossessed her former mobile home and that she had not been released from personal liability under the terms of the VA loan guaranty that she assumed from Spurgeon.

On October 17, 1985, the mobile home which had been the collateral for the loan assumed by the defendant was sold to Robert Thompson for $9,930.00. On May 28, 1986, the VA paid $7,707.28 to First Financial under the terms of the loan guaranty. The amount paid to First Financial under the loan guaranty is the amount the government is attempting to recoup in this action.

The government filed a complaint against the defendant on September 2, 1988, seeking recovery of the amount owed on the loan plus interest. On January 13, 1989, the government filed a motion for summary judgment, asserting that no issue as to any material fact exists in this case. After an extension of time, the defendant filed a response to the motion on February 8, 1989. On April 11, 1989, the government filed a motion for leave to supplement the record and to file a reply brief. Along with its motion for leave, the government filed a reply brief and a portion of a March 28, 1989 deposition of Mary L. Arrowood, the defendant. The defendant has not responded to the government's motion for leave.

## ANALYSIS

### 1. Motion for Leave

The government requests permission to supplement the record and file a reply brief more than two months after the defendant's response brief was filed. The defendant has not objected to this request.

On March 28, 1989, a deposition of Mary L. Arrowood, the defendant, was taken. Upon review of the deposition, the Court believes that it will be very useful to consider the deposition in the resolution of the presently pending motion. Further, because the government's reply brief only addresses the March 28, 1989 deposition, the Court believes consideration of that reply is appropriate. Accordingly, the Court GRANTS the government's motion for leave to supplement the record and file a reply brief.

### 2. Motion for Summary Judgment

The government believes that no issue as to any material fact exists in this case. Also, it believes that the undisputed facts in this case indicate that the defendant is liable on the VA loan so summary judgment in its favor is warranted.

The defendant argues that summary judgment should be denied because the government has not followed applicable law relating to a debtor's right to notice. Further, the defendant argues that she had a justifiable reason to believe that the VA was not guaranteeing the loan because of a letter shown to her by James Spurgeon. The letter was sent from the VA to Spurgeon and indicated that the VA would not guarantee the loan to the defendant because she was not a veteran. *See* Arrowood Affidavit, p. 1 and Arrowood Deposition, pp. 12–13.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Black v. Henry Pratt Company,* 778 F.2d 1278, 1281 (7th Cir.1985). The party moving for summary judgment has the burden of establishing that there is no genuine

issue of material fact. *Egger v. Phillips,* 710 F.2d 292, 296 (7th Cir.), *cert. denied,* 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983). The Court must review the entire record with all reasonable inferences drawn from it taken in a light most favorable to the nonmoving party. *Reardon v. Wroan,* 811 F.2d 1025, 1027 (7th Cir.1987). In making this determination, the Court must keep in mind that the entry of summary judgment terminates the litigation, or an aspect thereof, and must draw all inferences from the established or asserted facts in favor of the non-moving party. *Munson v. Friske,* 754 F.2d 683, 690 (7th Cir.1985). The non-moving party's reasonable allegations are to be accepted as true for purposes of summary judgment. *Yorger v. Pittsburgh Corning Corp.,* 733 F.2d 1215, 1218–19 (7th Cir.1984). A party may not rest on the mere allegations of the pleadings or the bare contention that an issue of fact exists. *Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.), *cert. denied,* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983).

Thus, the moving party must demonstrate the absence of a genuine issue of material fact. Even if there are some disputed facts, where the undisputed facts are the material facts involved and those facts show one party is entitled to judgment as a matter of law, summary judgment is appropriate. *Egger,* 710 F.2d 292, 296–97; *Collins v. American Optometric Assn.,* 693 F.2d 636, 639 (7th Cir.1982). *See also Bishop v. Wood,* 426 U.S. 341, 348, 348 n. 11, 96 S.Ct. 2074, 2079, 2079 n. 11, 48 L.Ed.2d 684 (1976).

The defendant, in her response brief, asserts that a question of fact exists as to whether she was given proper notice of the repossession of the mobile home and the collection proceedings. Specifically, she argues that "[b]ecause she was not given a Notice of Right to Cure, much less the date of the sale of the mobile home, she lost any chance she had at minimizing the debt." Defendant's Brief at p. 4.

The government argues that the VA made reasonable efforts to contact the defendant about the default on the mobile

home loan, and about her potential liability arising out of that default. Specifically, the VA wrote to the defendant in a letter dated October 30, 1984, sent in care of her brother, Ronnie Meidl, at Antigo, Wisconsin. Also, the VA made a phone call to obtain Mr. Meidl's address. *See* Plaintiff's Brief at pp. 9–10.

The United States Supreme Court's holding in *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983) entitles a person to notice as a "minimum constitutional precondition" to any proceeding "which will adversely affect the liberty or property interest" of that person. In *United States v. Whitney*, 602 F.Supp. 722, 732 (W.D.N.Y.1985), a district court ruled that a veteran who received no meaningful notice of the underlying foreclosure proceedings was denied "the opportunity to exercise his equity of redemption or to bid in the proceeding disposing the property." The *Whitney* court went on to conclude that since he has "a legally protected property interest in the outcome of the foreclosure, the mortgagor is constitutionally entitled to notice reasonably calculated to apprise him of its pendency." 602 F.Supp. at 732.

In this case, the government's means of notice appears to be appropriate. *See Mennonite*, 462 U.S. at 800, 103 S.Ct. at 2712. (Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interest of any party). However, at first glance, it is not clear whether sending a letter to the defendant's brother was notice "reasonably calculated to apprise" the defendant of the foreclosure proceedings.

The defendant testified that she is only in contact "[o]ff and on" with her brother. *See* Arrowood Deposition, p. 21. However, she did list her brother ("Rodney Meidl") of Antigo, Wisconsin as her "nearest relative not living with [her]" on the VA's Financial Statement that she filled out on August 16, 1980. *See* Government Exhibit 10 and Arrowood Deposition, pp. 19–20.

Although it may not always suffice, the Court believes that the letter sent to the defendant's brother in this case qualifies as adequate notice. The purpose of requiring an applicant to list the name and address of a relative not living with him/her on the VA's Financial Statement is to facilitate the VA's search process in the event an applicant can no longer be found at the address he/she put on the application. By putting her brother's name on her VA application, the defendant entitled the VA to rely on that name and address as a "reasonably calculated" source to provide her with notice.

■ The defendant's other argument is that because she was shown a letter from the VA to Spurgeon, stating its refusal to guarantee the defendant's loan, she had no duty to get a release when she transferred the mobile home to Slechta. The government argues that the defendant should be held to the express terms of the contract she signed and not be allowed to rely on a letter addressed to someone else.

The language in her contract with the VA is clearly unambiguous. Further, under the common law parol evidence rule, the contradicting letter is inadmissible and unavailable as a defense. *See FDIC v. Balistreri*, 470 F.Supp. 752, 757 (E.D.Wis. 1979); *Canada Dry Corp. v. Nehi Beverage Co. Inc.*, 723 F.2d 512, 519 (7th Cir. 1983); *LaSalle Nat. Bank v. General Mills Rest. Group*, 854 F.2d 1050, 1052 (7th Cir. 1988) (If a judge can make sense of a written contract without hearing testimony, his duty is to construe the contract without letting the parties introduce any evidence other than the contract itself).

## SUMMARY

Based on the foregoing, the Court finds (1) the defendant received adequate notice of the foreclosure proceedings and (2) the VA contract terms were so clear and unambiguous that it was unreasonable for the defendant to rely on any other evidence of her liability. Accordingly, the Court finds there is no genuine issue of material fact

and HEREBY GRANTS the government's motion for summary judgment.

SO ORDERED.